PUBLIC SERVICE COMMISSION, SECOND DISTRICT, and Others, Respondents, v. IROQUOIS NATURAL GAS COMPANY, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. BURKE, Respondent, v. IROQUOIS NATURAL GAS COMPANY, Appellant.

Fourth Department, December 3, 1919.

**Gas and electricity — public service corporation — discrimination between those having connections and those not having connections — power to limit use of natural gas and to discriminate between domestic and industrial users.**

The Public Service Commission has no power, in order to conserve the supply of natural gas, to make an order discriminating in favor of those who have gas connections and against those who have not, but need gas, nor has the gas company itself the right to make such discrimination.

Public service corporations are prohibited by section 65, subdivision 3, of the Public Service Commissions Law, from giving any undue or unreasonable preference or advantage to any person or locality, or to any particular description of service, or to subject any one, or any particular description of service, to undue or unreasonable prejudice or disadvantage.

*It seems*, that the Public Service Commission has the power in order to conserve the supply of natural gas to limit the supply to consumers and give preference to domestic purposes over industrial uses, or the gas company itself may do so in the absence of any such rule by the Commission.

FOOTE, J., dissented.

APPEAL in the first action by the defendant, Iroquois Natural Gas Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Erie on the 17th day of October, 1919, upon the decision of the court after a trial at the Erie Special Term.

The judgment enjoined the defendant from refusing new connections with its mains and required it to forthwith make such connections with dwellings in front of which its mains are laid.

Appeal in the second proceeding by the defendant, Iroquois Natural Gas Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on or about the 17th day of October, 1919, granting relator's application for a peremptory writ

APP. DIV.— VOL. CLXXXIX.    35

of mandamus requiring it to make connections with certain dwellings located on streets where its mains are now laid.

*Kenefick, Cooke, Mitchell & Bass* [*Daniel J. Kenefick* of counsel], for the appellant.

*Penney, Killeen & Nye* [*Henry W. Killeen* of counsel], for the respondent.

*Ledyard P. Hale,* counsel for the Public Service Commission.

*William S. Rann, Corporation Counsel* [*Frederic C. Rupp*], for the city of Buffalo.

Kruse, P. J.:

These two proceedings were tried and submitted together. Both involve the question as to whether the defendant gas company should make connections with its distributing lines for dwellings, not heretofore connected, located upon streets where its lines are now laid. The gas company contends that its supply of natural gas is inadequate to furnish even those now connected at periods during the winter months and refuses to make new connections.

In the *Burke* case the Special Term ordered a peremptory writ of mandamus requiring the gas company to furnish and install service connections from its line or main with his premises which front upon streets where the lines of the gas company have been laid, and in the Public Service Commission proceeding the judgment is substantially to the same effect covering all applications for new connections for dwellings in streets where the lines have been laid in the city of Buffalo and all other municipalities named in the petition.

The Public Service Commission heretofore made orders reciting that the supply of natural gas was gradually diminishing and the demand therefor increasing, limiting the use of gas by consumers, giving preference for domestic purposes over that for industrial purposes and favoring such as then had gas connections against those not connected. This order was attacked upon an application for a writ of mandamus to compel the gas company to make a new connection on a street where its line was laid, and the Special Term granted the writ, holding that so far as the order affected the relator in that proceeding it was unreasonable and arbitrary, and,

therefore, void. (*Park Abbott Realty Co.* v. *Iroquois Natural Gas Co.*, 102 Misc. Rep. 266.) This court affirmed the order, holding that since the gas company refused to furnish the relator with gas solely by reason of the order of the Public Service Commission, the order should be affirmed upon the ground of lack of legislative authority, express or implied, for that part of the order of the Public Service Commission involved. (187 App. Div. 922.)

A like order was reviewed by the Appellate Division, Third Department, in *People ex rel. Pavilion Natural Gas Co.* v. *Public Service Commission,* and in *People ex rel. Tri-County Natural Gas Co.* v. *Public Service Commission* (188 App. Div. 36), and it was held, in substance, that while the gas company might be required by the Commission to do whatever they could reasonably to increase the supply of gas, it could not require the gas company to deprive some consumers of gas in order that others might have more, and the determination of the Commission was annulled.

We are still of the opinion that the Public Service Commission has no power to make an order discriminating in favor of those who now have gas connections and against those who have not, but need gas, nor has the gas company itself the right to make such discrimination. Gas corporations, electrical corporations and even municipalities themselves are forbidden to give any undue or unreasonable preference or advantage to any person or locality, or to any particular description of service, or subject any one, or any particular description of service to any undue or unreasonable prejudice or disadvantage. (Public Service Commissions Law, § 65, subd. 3.)

If a sufficient supply of gas is not obtainable, it may be that the Public Service Commission has the power to limit the supply of gas to consumers and give preference for domestic purposes over that for industrial purposes and order such distribution as will best serve the general welfare of the community; or that even the gas company itself may do so in the absence of any such rule by the Commission. Discrimination in its use may be permissible, but discrimination between individuals is not. All should be treated alike; equality of right requires equality of service.

548   CLOVER CREST STOCK FARM, INC., *v.* N. Y. C. M. F. INS. CO.

Fourth Department, December, 1919.          [Vol. 189.

Furthermore, it is contended by respondents that the supply of gas is not inadequate; that upwards of eighty per cent of gas supplied to consumers is wasted. This estimate may be too high, but it is very clear from the circumstances detailed by the expert that there is great waste. Various plans are suggested for conserving the gas and preventing its waste, but it is said by the gas company that it has no control over the gas after it reaches the consumer. The power of the gas company in that regard, or the precise method permissible and practicable for conserving gas and preventing waste by consumers, we do not pass upon. It is enough to say that the method by discrimination as proposed by the gas company we think is illegal and ought not to be sustained.

The order directing the writ of mandamus should be affirmed, with costs, and the judgment in the other case likewise be affirmed, with costs.

All concurred, except FOOTE, J., who dissented upon the ground that it fairly appears that the gas company has not a sufficient supply of gas for any additional customers and to refuse to take them on does not give an undue or unreasonable preference or advantage to its existing customers.

In each case, judgment affirmed, with costs.