514   People ex rel. Pennsylvania G. Co. v. P. S. Comm.

Third Department, July, 1921.   [Vol. 196

The People of the State of New York ex rel. Pennsylvania Gas Company, Relator, v. Public Service Commission, Second District, State of New York, and Others, Respondents.

Third Department, July 7, 1921.

Gas and electricity — foreign corporation supplying natural gas — decrease in supply — corporation will not.be compelled to furnish gas to additional consumers where to do so would be dangerous to present consumers because of low pressure — corporation not subject to Transportation Corporations Law, § 62.

The relator, a foreign corporation engaged in the business of supplying natural gas to residents of the city of Jamestown, will not be compelled to furnish gas to additional consumers, where it appears that it has not been specifically authorized by any legislative grant from this State to do business herein; that it laid its pipes pursuant to a resolution of the then village of Jamestown, which authorized it so to do, but which did not contain any provision for the termination of the privilege granted and did not by express provision obligate the relator to do or perform any particular thing thereunder, except to save the municipality harmless from damage in the installation of its plant; that in the distribution of its gas there is a minimum waste; that its supply of natural gas has so far decreased that it is inadequate to supply further consumers and that if the relator should be compelled to do so the service it is trying to maintain would be destroyed and its present consumers subjected to the hazard of the destruction of life and property due to the intermittent flow of gas caused by low pressure, and that there is no other available source of supply.

The relator, being a foreign corporation, does not come under section 62 of the Transportation Corporations Law.

Certiorari issued out of the Supreme Court and attested on the 23d day of October, 1920, directed to Public Service Commission, Second District, State of New York, and others, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had on an application to compel the relator to make certain gas connections and to supply natural gas to certain persons.

*Dean, Edson & Jackson* [*Robert H. Jackson* of counsel], for the relator.

*Ledyard P. Hale,* counsel for the respondents.

KILEY, J.:

The relator is a foreign corporation, organized under the laws of the State of Pennsylvania, having its principal place of business in that State. Its charter does not specify any territory in New York State where it shall operate, and it has not been specifically authorized by any legislative grant from New York State to do business therein. In 1885 the then village of Jamestown (now city of Jamestown), N. Y., granted the relator permission, by resolution of its board of trustees, to lay, maintain, use and repair its mains, pipes and conduits in, through and under the streets, lanes, alleys and public grounds of the said village of Jamestown (now city of Jamestown), N. Y. This resolution contained no provision for the termination of the privilege granted thereby, and did not by express provision obligate the relator to do or perform any particular thing thereunder, except to save the municipality harmless from damage in the installation of its plant, and that the work of installing the plant should be in accordance with the rules and regulations of the board of trustees of said village. Mains were laid from relator's field or plant in the State of Pennsylvania to Jamestown, N. Y., and gas distributed to consumers from the main without any intervening agency. The village became a city with large and ever-increasing consumption demand. While the village was developing into a city and with other localities demanding an increased flow of gas, the supply of that natural commodity was decreasing; it decreased so rapidly and to such an extent that in August, 1919, the relator served notice upon the city of Jamestown, N. Y., and upon other municipalities in this State, where it supplied gas, of its intention, at a fixed future date, to abandon its properties in this State and cease to distribute gas to the consumers of such municipalities. The city of Jamestown instituted a suit in equity in the Federal court to enjoin the relator from cutting off its supply of gas to that city. Such an injunction was granted. (*City of Jamestown* v. *Pennsylvania Gas Co.*, 263 Fed. Rep. 437.) In June, 1920, four residents of the said city of Jamestown made application to the relator to become additional consumers of gas, to connect their respective residences in that city with the gas main and furnish them gas. The relator refused,

and gave as its principal reason that its supply of gas was inadequate to serve even the consumers it then had, and that to take on additional consumers would further decrease the supply to each individual consumer and destroy the service; that it would decrease the pressure below the safety point and constitute a menace to safety of the consumer. The respondent, the Public Service Commission, on July 20, 1920, issued an order to show cause why relator should not comply with the request and furnish *natural gas* to the applicants. The relator answered that it was physically impossible for it to render safe, adequate and satisfactory service to the applicants; that such unsafe service was made so solely by the shortage and lack of adequate supply of natural gas avail‑ able to said gas company; that there was no possible prospect of increased supply; that the gas fields were being rapidly exhausted and depleted; that wells, because of such depletion, were being abandoned; that pressure was so diminishing that, at times, it became so low that fires and lights were extin‑ guished; that on the return of pressure gas flowed into the rooms, creating a danger of asphyxiation, fire and explosion. Relator further answered that it was under no contractual liability, by franchise or otherwise, to make the connections sought; that it was engaged in interstate commerce; that the order sought would impose an unlawful and unreasonable burden upon and interference with interstate commerce, violative of the Federal Constitution (Art. 1, § 8, subd. 3; 14th Amendt. § 1), and that the Public Service Commission was without jurisdiction. A hearing was had and relator proved each of its contentions; that the supply of gas was inadequate; that it was constantly diminishing; that there was no other source of supply available to it, and that to take on additional consumers would destroy the service it was then trying to maintain and subject its consumers to the great hazard of the destruction of life and property. The respondents in no way answered, controverted or assailed the truth of these facts so presented by relator upon the hearing. On October 7, 1920, the Public Service Commission made the order here reviewed, directing the relator to make the con‑ nections and furnish a supply of natural gas, as requested by the applicants. A rehearing was asked for and denied. The

order so granted to make connections and furnish natural gas to the applicants was not granted upon the merits as a result of the evidence taken upon the hearing. The Commission gave its reasons so that we are not left in the dark as to the ground upon which it based its conclusion; it recites in its preamble to the directory matter in the order as follows: " And it appearing from the admissions of said company that the dwelling of each of said complainants is situated upon a street through which a main of the defendant company passes; * * * and it further appearing from the decisions of the courts of this State that each of said complainants is entitled to be supplied with gas by said company and that this Commission has no discretion." In addition to the foregoing, counsel for respondents stated on the oral argument that neither he nor the Public Service Commission felt that the ruling should be upheld on the merits; but that they felt committed to the course followed in the order under review by decisions of the Appellate Divisions and Court of Appeals; in other words, that the order was the result of those decisions which the Commission interpreted as foreclosing any other disposition by said Commission. Such interpretation is not warranted by the decisions of the appellate courts of this State. As before observed, the evidence shows physical incapability to comply with the order and probable disaster if compliance should be attempted. Courts will not try to enforce the impossible. (*Public Service Comm.* v. *International R. Co.,* 224 N. Y. 631, and cases cited.) The respondents cite and rely upon *Public Service Comm.* v. *Iroquois Nat. Gas Co.* (189 App. Div. 545; affd. in the Court of Appeals without opinion, 229 N. Y. 592) as laying down the rule that they felt constrained to follow. In this case there are two important features absent in that case, viz.: In this case it appears that there is no source from which the relator can increase or maintain even the present supply and in this case it appears that there is a minimum of waste in transmission; while in that case large waste was a subject of consideration by the court. *People ex rel. Pavilion Nat. Gas Co.* v. *Public Serv. Comm.* (188 App. Div. 36) was the review, by certiorari, of an order of the Public Service Commission dividing the *consumers* of the relator in that case into two classes and discriminating in favor of the " domestic

consumers " to the deprivation, at times, of the " industrial consumers." Such course was taken by the Commission because of the alleged inadequacy of the flow of gas for distribution. The order was annulled because of discrimination between the already *existing consumers*, as is made plain by the following from the prevailing opinion: " The Commission can order improvements in the equipment or methods of the relators in order to overcome their shortcomings or failure. It is powerless to overcome the shortcomings or failure of nature. Whatever the relators can reasonably do to increase the supply may be required by the Commission. The power to do that is very different from the power to deprive some *consumers* of gas in order that others may have more." The relator is a foreign corporation and does not come under section 62 of the Transportation Corporations Law.

The determination of the Commission should be annulled, with fifty dollars costs and disbursements, and matter remitted to Commission for further consideration.

All concur, except WOODWARD, J., not voting.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to the Commission for further consideration.