MARY M. LEIGHTON et al., Plaintiffs, *v.* NEW YORK TELEPHONE COMPANY, Defendant.

Supreme Court, Special Term, New York County, March 15, 1946.

*Leon Leighton* for plaintiffs.

*Frank A. Fritz, Arthur C. Patterson* and *Ralph W. Brown* for defendant.

STEUER, J. The motion is to strike out the separate defenses and there is a cross motion to dismiss the complaint. In effect, the defenses are arguments, more or less particularly supported by factual allegations, as to the invalidity of the complaint. The complaint alleges that the plaintiffs on August 21, 1944, made application to the defendant telephone company to have the latter furnish them telephone service. This request was refused on the ground that defendant did not have sufficient instruments to supply plaintiffs or numerous others who had made similar applications prior to plaintiffs. Such service was supplied to plaintiffs beginning November 20, 1945. Damages are sought for failure to supply service during the interim. The basis of the plaintiffs' claim is that at the time in question there were about 90,000 applicants applying for service; that during the same period there were about 120,000 subscribers in residences who had extension telephones, that is, in excess of one telephone in the residence. It is further alleged that defendant had the legal right to remove these extension instruments upon ten days' notice but that it failed to do so, despite plaintiffs' express request that it should.

Plaintiffs claim that defendant violated section 91 of the Public Service Law, the pertinent parts of which read: " 1. Every * * * telephone corporation shall furnish and provide with respect to its business such instrumentalities and facilities as shall be adequate and in all respects just and reasonable. * * * 3. No * * * telephone corporation shall make or give any undue or unreasonable preference or advantage to any person * * * or subject any particular person * * * to any undue or unreasonable prejudice or disadvantage in any respect whatsoever."

Plaintiffs also rely upon the common-law duty of impartial service to all members of the community (*People ex rel. Perceval* v. *Public Service Comm.*, 163 App. Div. 705). The complaint stands or falls on the question of whether the failure to take steps to recapture the extension instruments subjects those applying for service to unreasonable prejudice or disadvantage or deprives them of impartial service.

The basis for suit is section 93 of the same law, the pertinent parts of which read as follows: " In case any * * * telephone corporation shall do or cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or other thing required to be done, either by law of the State of New York by this chapter or by any order of the commission, such

\* \* \* telephone corporation shall be liable to the person \* \* \* affected thereby for all loss, damage or injury caused thereby or resulting therefrom \* \* \*."

There is pleaded no order of the commission and no statute or common law of the State is relied on other than section 91 set out above. It would therefore appear that there is no failure to do any act specifically required to be done. It is true that the gravamen of plaintiffs' action is an omission to do an act, namely, to recapture the extension instruments. But the performance of this act is not required to be done unless it is a necessary consequence of the prohibition against subjecting any person to prejudice or disadvantage. For two reasons it would appear that this is not the case, firstly, because the contemplated recapture would require the withdrawal of service admittedly proper when provided, with the resulting necessity of decision at defendant's peril in each instance whether the recapture did not in itself constitute a prejudice to the holder of the extension, equal or greater than that to be suffered by the proposed applicant. No great ingenuity is needed to propose several instances where the recapture would effect the greater prejudice. Secondly, the enabling section (§ 93) giving the cause of action contemplates the disobedience of a positive command or injunction. It would be rather unusual to interpret a statute penal in its nature as calling for action so remote from its context.

In the thirty-six years that these statutes have been in effect, no interpretation such as would be required to maintain plaintiffs' position is to be found. Plaintiffs do call attention to decisions under subdivision 3 of section 65 of the Public Service Law, which is a section of similar import but applicable to gas and electric corporations (*Park Abbott Realty Co.* v. *Iroquois Nat. G. Co.*, 102 Misc. 266, affd. *sub nom. Matter of Park Abbott Realty Co.* v. *Iroquois Nat. G. Co.*, 187 App. Div. 922; *Public Service Comm* v. *Iroquois Nat. Gas Co.*, 189 App. Div. 545, affd. 229 N. Y. 592). Disregarding the effect of subsequent decisions which seem disposed to limit the above more or less to their particular facts (*People ex rel. Pennsylvania G. Co.* v. *P. S. Comm.*, 196 App. 514), and adopting the interpretation of the facts for which plaintiffs contend, a natural gas company must accept as a customer any person whose premises are readily accessible to the defendant's gas mains despite the fact that the supply of gas is not sufficient to fill the needs of existing customers. Assuming this to be the law (which for the reasons above stated I do not believe it to be), it would be

neither controlling nor even analogous to the situation here involved. All that the gas company was required to do, was to supply old and new customers without discrimination as long as its supply held out. The telephone company is asked to decide whether facilities it had hitherto supplied to old customers should be removed for the benefit of new ones, and this despite any equities that may exist.

The conclusion is that the statute does not require the action contemplated in the complaint and the complaint consequently does not state a cause of action. The motion is therefore denied and cross motion granted, with leave to plaintiffs to serve an amended complaint on or before March 25, 1946, if so advised.