JACOB GOODMAN & Co., INC., Appellant, *v.* NEW YORK TELEPHONE COMPANY et al., Respondents. (Action No. 1.)

JACOB GOODMAN & Co., INC., Appellant, *v.* NEW YORK TELEPHONE COMPANY et al., Respondents. (Action No. 2.)

Argued April 22, 1955; decided July 8, 1955.

*Harry J. Halperin, Bernard Buchwald* and *Edmund B. Henne-feld* for appellant. I. Both complaints are legally sufficient. II. The Court of Appeals will not now be bound along *res judi-cata* lines by anything decided by the Appellate Division in Action No. 1, since the decision of the Appellate Division in that action is presently before the court. (*Brick* v. *Cohn-Hall-Marx Co.,* 283 N. Y. 99, 283 N. Y. 772; *Cohen & Sons* v. *Lurie Woolen Co.,* 232 N. Y. 112.) III. The acts of the telephone company in charging and collecting at the 3% rate on subscriber calls to Nassau County and lower Westchester County are clearly illegal. (*Matter of Gunther's Sons* v. *McGoldrick,* 279 N. Y. 148; *Matter of United Artists Corp.* v. *Taylor,* 273 N. Y. 334.) IV. In this situation of a claimed illegal charge to consumers, the courts have at least concurrent jurisdiction with the Public Service Commission to determine the question of law as to the legality of the charge being made, and the court below erred in remitting plaintiff for relief first to the Public Service Commission. (*Kovarsky* v. *Brooklyn Union Gas Co.,* 279 N. Y. 304;

*Shelrob, Inc.,* v. *Barrett,* 293 N. Y. 442; *Lemoyne Arms* v. *Central N. Y. Power Corp.,* 191 Misc. 709; *Great Northern Ry.* v. *Merchants Elevator Co.,* 259 U. S. 285; *Pennsylvania R. R.* v. *Puritan Coal Co.,* 237 U. S. 121; *Pennsylvania R. R. Co.* v. *International Coal Co.,* 230 U. S. 184.) V. The authorities establish the clear right of a consumer to bring a representative action on behalf of himself and all other consumers similarly situated to declare the illegality of such a charge on consumers made by a utility. It was error in any case for the court below to dismiss under rule 106 since a motion under rule 106 in an action for declaratory judgment has been always held not to raise the question of the ultimate right of either party to prevail as upon a trial necessitated by the presence of disputed issues of fact in the case. (*Kovarsky* v. *Brooklyn Union Gas Co.,* 279 N. Y. 304; *Brenner* v. *Title Guar. & Trust Co.,* 276 N. Y. 230; *Rockland Power & Light Co.* v. *City of New York,* 289 N. Y. 45.) VI. The court below erred in dismissing the cause of action for an injunction. The authorities establish the clear right of a consumer to bring a representative action on behalf of himself and all other consumers similarly situated to enjoin the threatened continuance by a utility of illegal charges such as here complained of. (*Kovarsky* v. *Brooklyn Union Gas Co.,* 279 N. Y. 304; *Sloane Estates* v. *City of New York,* 175 Misc. 674, 262 App. Div. 722, 287 N. Y. 818.) VII. In the case at bar, there exists a limited fund presently in the possession of the telephone company, which is held by that company in a trust or fiduciary capacity on behalf of the body of consumers from whom the moneys were lawfully taken as the proper *cestuis.* (*Latham* v. *Father Divine,* 299 N. Y. 22; *Equity Corp.* v. *Groves,* 294 N. Y. 8; *Beatty* v. *Guggenheim Exploration Co.,* 225 N. Y. 380; *Acker* v. *Hanioti,* 276 App. Div. 78, 276 App. Div. 894; *Stephens* v. *Evans,* 190 Misc. 922.) VIII. Plaintiff and the other consumers similarly situated from whom the moneys were unlawfully taken are entitled in this representative action to relief by way of enforcement of their trust against the fund on a proper, equitable basis in accordance with, and apportioned to, the amounts taken from each. (*Flanagan* v. *City of Chicago,* 311 Ill. App. 135; *Brenner* v. *Title Guar. & Trust Co.,* 276 N. Y. 230; *Commonwealth* v. *Scott,* 112 Ky. 252; *McCann* v. *City of Louisville,* 23 Ky. L. 558; *Locke* v. *City of Detroit,* 335 Mich. 29; *Peterson* v. *Donnelley,* 33 Cal. App. 2d

133; *Washington Gas Light Co.* v. *Baker*, 188 F. 2d 11; *Natural Gas Pipeline Co.* v. *Federal Power Comm.*, 128 F. 2d 481; *Guffanti* v. *National Sur. Co.*, 196 N. Y. 452; *Pfohl* v. *Simpson*, 74 N. Y. 137.) IX. The right of plaintiff and other consumers similarly situated to share in the trust fund presently in the telephone company's possession, is in all respects prior and superior to the claim of the City of New York to obtain possession of this fund for itself. (*Matter of Kesbec, Inc.,* v. *McGoldrick,* 278 N. Y. 293.)

*Frank A. Fritz, Ralph W. Brown, Arthur P. West, Anthony T. Antinozzi, Frank A. Fritz, Jr., Eric B. Nelson* and *Philip Wagner* for New York Telephone Company, respondent. I. In Action No. 1 the complaint fails to state an individual or a representative cause of action either for an accounting, declaratory judgment or injunction, and dismissal thereof was proper. (*Bouton* v. *Van Buren*, 229 N. Y. 17; *Kovarsky* v. *Brooklyn Union Gas Co.*, 279 N. Y. 304; *Brenner* v. *Title Guar. & Trust Co.*, 276 N. Y. 230; *Society Milion Athena* v. *National Bank of Greece,* 281 N. Y. 282; *Bickford's* v. *Federal Reserve Bank of N. Y.,* 5 F. Supp. 875; *Reinman* v. *Jaffe*, 281 App. Div. 833; *Adelson* v. *Sacred Associates Realty Corp.*, 192 App. Div. 601; *Dinkes* v. *Glen Oaks Vil.*, 206 Misc. 143; *Kahn* v. *New York Life Ins. Co.,* 184 Misc. 417; *Matter of American Cyanamid & Chem. Corp.* v. *Joseph,* 308 N. Y. 259; *Matter of Fifth Ave. Bldg. Co.* v. *Joseph,* 297 N. Y. 278; *Matter of Merchants Refrig. Co.* v. *Taylor,* 275 N. Y. 113.) II. The decision and transcript of the hearing held by the commission are proper subjects for judicial notice on a motion such as this. (*Pfleuger* v. *Pfleuger*, 304 N. Y. 148; *Owen* v. *Rochester-Penfield Bus Co.*, 304 N. Y. 457; *Sease* v. *Central Greyhound Lines,* 281 App. Div. 192, 306 N. Y. 284.) III. In Action No. 2, since the complaint fails to state an individual or a representative cause of action either for an accounting, declaratory judgment or injunction, the dismissal thereof by the Appellate Division was proper. (*Kennerley* v. *New York Tel. Co.,* 273 App. Div. 964, 299 N. Y. 623; *Terner* v. *Glickstein & Terner, Inc.*, 283 N. Y. 299; *Kovarsky* v. *Brooklyn Union Gas Co.*, 279 N. Y. 304; *Cardone* v. *Consolidated Edison Co. of N. Y.*, 197 Misc. 188, 276 App. Div. 1068; *Matter of Leitner* v. *New York Tel. Co.*, 277 N. Y. 180; *Murray* v. *New York Tel. Co.*, 170 App. Div. 17, 226 N. Y. 590; *People ex rel. Public Service Comm.* v.

*New York Tel. Co.,* 262 App. Div. 440, 287 N. Y. 803.)  IV. The Appellate Division did not remit Action No. 2 to the Public Service Commission for a determination of the question of the legality of the collection of sales tax.  V. The directive by Special Term that " the *status quo* of the funds is to be maintained " was properly reversed.  VI. Under the notice of motion herein, it is proper to dismiss the entire complaint, or such causes of action, or parts thereof, as fail to state facts sufficient to constitute a cause of action for an accounting or a declaratory judgment or an injunction.  (*Andrews* v. *Lebis,* 279 App. Div. 1013; *Young* v. *Taber,* 284 App. Div. 829; *O'Conner Transp. Co.* v. *Glens Falls Ins. Co.,* 204 App. Div. 56; *Koppel Ind. Car & Equipment Co.* v. *Portalis & Co.,* 205 App. Div. 144; *MacArthur Concrete Pile Corp.* v. *Kew Queens Corp.,* 276 App. Div. 1015; *Savage* v. *Mathieson Alkali Works,* 174 Misc. 1022, 261 App. Div. 1053.)

*Peter Campbell Brown, Corporation Counsel* (*Morris L. Heath, Stanley Buchsbaum* and *Charles M. Fox* of counsel), for City of New York, respondent.  I. Sales tax moneys collected and held by a vendor for transmittal to the city are not subject to an accounting action on behalf of the persons who paid the tax, but must be paid over to the city without prejudice, however, to such remedies at law as the persons paying the tax have against the city.  (*Matter of American Cyanamid & Chem. Corp.* v. *Joseph,* 308 N. Y. 259; *People ex rel. Martin* v. *Brown,* 55 N. Y. 180; *Village of Olean* v. *King,* 116 N. Y. 355; *Matter of Kesbec, Inc.,* v. *McGoldrick,* 278 N. Y. 293; *McGoldrick* v. *Berwind-White Co.,* 309 U. S. 33; *Matter of Gunther's Sons* v. *McGoldrick,* 279 N. Y. 148; *Matter of Atlas Television Co.,* 273 N. Y. 51; *City of New York* v. *Advance Trading Corp.,* 202 Misc. 208.)  II. The vendor, the purchaser and the city are all fully protected if the vendor is required to pay over to the city all the tax moneys that it collects.  (*Matter of Kesbec, Inc.,* v. *McGoldrick,* 278 N. Y. 293; *Matter of Gulf Oil Corp.* v. *McGoldrick,* 282 N. Y. 622; *Sloane Estates* v. *City of New York,* 175 Misc. 674, 262 App. Div. 722, 287 N. Y. 818.)  III. The funds in the telephone company's possession simply represent overpayments of taxes by plaintiff and other subscribers.  They do not constitute a trust fund held for the benefit of subscribers.

Nor is the telephone company a constructive trustee with respect to such funds. (*Terner* v. *Glickstein & Terner, Inc.*, 283 N. Y. 299; *Cohen* v. *City Co. of N. Y.*, 283 N. Y. 112; *Potter* v. *Walker,* 276 N. Y. 15; *Bouton* v. *Van Buren*, 229 N. Y. 17; *Empire Square Realty Co.* v. *Chase Nat. Bank*, 181 Misc. 752, 267 App. Div. 817; *People ex rel. Martin* v. *Brown*, 55 N. Y. 180; *Kovarsky* v. *Brooklyn Union Gas Co.*, 279 N. Y. 304.) IV. Equity will not intervene in a case such as this where plaintiff by the slight effort of tabulating its suburban calls can avoid tax on such calls, since the right it seeks to protect is a technical and unsubstantial one and it would produce great public hardship if the relief plaintiff seeks were granted. (*McCann* v. *Chasm Power Co.*, 211 N. Y. 301; *O'Reilly* v. *New York Elevated R. R. Co.* 148 N. Y. 347; *Gray* v. *Manhattan Ry. Co.*, 128 N. Y. 499; *Morgan* v. *City of Binghamton*, 102 N. Y. 500; *McHenry* v. *Jewett* 90 N. Y. 58; *Michaels* v. *Macan Estates*, 278 App. Div. 47; *Knoth* v. *Manhattan Ry. Co.*, 187 N. Y. 243.) V. Equity will not require an accounting if it is a useless gesture due to the great number of persons involved, the prohibitive cost of determining each person's share and the practical impossibility of returning more than a nominal amount to each person entitled to share in the accounting. (*Gueutal* v. *Gueutal*, 113 App. Div. 310.)

FROESSEL, J. These two actions challenge the propriety of the billing method in use by the New York Telephone Company (hereinafter called the Company) since 1950. At that time following hearings before the Public Service Commission (hereinafter called the Commission), the Company extended its New York City dial system into Nassau and lower Westchester counties, and thereafter, in pursuance of its duty to collect the New York City sales tax, billed plaintiff, and other subscribers similarly situated, 3% on concededly nontaxable calls dialed to points outside the city limits as well as on admittedly taxable local city calls, due to the inability of the Company's equipment to differentiate between such calls.

In the first action, the Company, under rule 106 of the Rules of Civil Practice, and the City of New York (hereinafter called the City), under rule 212 of the Rules of Civil Practice, moved to dismiss plaintiff's complaint. Both motions were granted without leave to amend, and the Appellate Division affirmed. We all agree that this complaint was properly dismissed.

The second action was commenced on a new and broader complaint designed to remedy the deficiencies of the first complaint. In the present pleading, plaintiff sought by way of relief (1) a judgment pursuant to section 473 of the Civil Practice Act, declaring " the rights and other legal relations " of the parties; (2) to restrain the Company from charging 3% on suburban calls, from paying any of the challenged charges to the City, and to restrain the City from requiring payment of said charges; (3) to compel the Company to install new equipment, systems and procedure that will differentiate local from suburban calls; (4) for an accounting from defendants; and (5) for temporary injunctive relief and counsel fees.

Both defendants again moved, this time under rules 106 and 107 of the Rules of Civil Practice, to dismiss plaintiff's complaint, which motions Special Term denied. The Appellate Division unanimously reversed and dismissed the complaint under rule 106. It did so " without prejudice to any action or proceeding plaintiff may be advised to institute after the Public Service Commission (on its own motion or on complaint), in the first instance, has made a determination on the reasonableness, propriety, adequacy and sufficiency of the practices and services herein involved ". The Appellate Division, moreover, modified on the law, a direction of Special Term that, while an injunction *pendente lite* would be " denied ", the " *status quo* of the funds is to be maintained " pending the determination of the issues in a trial; plaintiff's motion was thus denied " unqualifiedly ", instead of " qualifiedly ".

We agree with the well-reasoned unanimous opinion of the Appellate Division. The Company, in extending its dial system with the approval of the Commission, was nevertheless mandated by the sales tax law of the City to collect sales taxes. Recognizing that to a comparatively small extent it was collecting excess charges in its compliance with the sales tax law, the Company arranged to make appropriate refunds to subscribers upon application. Plaintiff concedes that these moneys were not collected " as tax " but only " as an inevitable incident and concomitant of its actual tax collection ". There is thus in no event any basis for an accounting decree here, since the Company, an acknowledged debtor, has at all times been willing to refund to

any subscriber-creditor upon simple application therefor the amount he claims to be due.

Nor is there any justiciable controversy here. If, by plaintiff's demand for declaratory judgment, the court is being asked merely to declare what both defendants admit, namely, that suburban calls are not taxable and that the Company has no right to keep any moneys not properly chargeable, the requisite "actual controversy" is lacking and no declaratory judgment may be had (*New York Operators* v. *State Liq. Auth.*, 285 N. Y. 272, 276; *James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305; 5 Carmody on New York Practice, § 1960; Borchard on Declaratory Judgments [2d ed.], pp. 33–48). The situation is thus quite unlike *Kovarsky* v. *Brooklyn Union Gas Co.* (279 N. Y. 304) for there the company claimed it had the right to collect and *retain* for *itself* service charges which were expressly prohibited by law, and there were none of the drastic consequences here involved. Furthermore, even if the declaration sought by plaintiff is to the effect that the Company may not utilize the particular system in question to collect 3% on all dialed calls and provide for refunds to subscribers who are thus overcharged, then the court below was entitled to refuse to entertain the application in its discretion under section 473 of the Civil Practice Act, and rule 212 of the Rules of Civil Practice — whether or not motion was made therefor — until after plaintiff first sought relief provided for elsewhere, specifically, before the Commission in a determination of "the reasonableness, propriety, adequacy and sufficiency of the practices and services herein involved". Where such an "adequate remedy is already provided", and there is thus no real need for resorting to a declaratory judgment, the court, in its discretion, may decline to accept jurisdiction and deny such relief (*Bareham* v. *City of Rochester*, 246 N. Y. 140, 143; *James* v. *Alderton Dock Yards, supra,* p. 305).

Plaintiff alleges that the Company could overcome its present inability to differentiate between local and suburban calls by installing new equipment, systems and procedures — a not inconsequential undertaking, and a matter that is clearly within the jurisdiction of the Commission. The Appellate Division appropriately recognized that the latter body, created by law even as are the courts, is in a much better position, with its superior

expert engineering staff and other facilities, to determine whether or not at the present time the Company may introduce a dial or other system which will differentiate local from suburban calls, and to make appropriate orders with far greater flexibility than the courts.

The injunctive relief sought here is sweeping; it might seriously interfere with the Company's duty to collect the sales tax concededly due; and the direction that the Company install an entirely new system, with all its consequences, is one that should not be made — at least until the Commission has acted. As to the restraint sought to be imposed upon the Company from paying to the City the amounts collected, this is an issue not presented by the pleadings and is not properly before us.

Under all the circumstances, we are of the opinion that the Appellate Division not only exercised sound judgment, but it had the power to do what it did in the exercise of discretion, both as to declaratory and injunctive relief, with which we have no right to interfere.

The judgments in both actions should be affirmed, without costs.

DESMOND, J. (dissenting). I agree that, as these cases come to us, we may ignore the first complaint, and examine, as to sufficiency, the complaint in Action No. 2, only. I agree, too, that, for several reasons, the cause of action for an accounting, being the sixth count in Complaint No. 2, is inadequate.

However, Complaint No. 2 does include a sufficient cause of action for a declaratory judgment and a sufficient cause of action for an injunction. The basic ground asserted for relief is that defendant telephone company, with the at least passive acquiescence of defendant city, has been carrying on for five years and intends to continue an illegal practice of collecting from the telephone subscribers taxes concededly not owed by the latter. That the company has no present method of distinguishing between taxable and nontaxable messages, explains but does not justify the illegality. The telephone company acts as to these taxes as the city's collecting agency only and holds as trustee for the city the tax moneys when collected as such (Administrative Code of City of New York, § N41–2.0; *Matter of American Cyanamid & Chem. Corp.* v. *Joseph,* 308 N. Y. 259; New York

City Comptroller's Sales Tax Regulations, art. 2). Nevertheless
the company has matched and followed its unlawful acts o
collecting taxes on nontaxable telephone calls by an unlawfu
assumption of the role of a court or an administrative tribunal i
refunding some of those taxes, at the company's own will an
through procedures formulated by it. The long and short o
it is: when this company or anyone else collects money as an
for such local taxes, the collector's only duty or power is to tur
the money over to the city. If there are to be refunds, th
statute itself provides the procedure (Administrative Cod
§ N41-8.0).

Declaratory judgment relief has been denied to plaintiff b
the courts below, not in the exercise of discretion (see Rules Ci
Prac., rule 212) but on the ground that there is no justiciabl
dispute between plaintiff and either defendant. All partie
agree that the collection of these New York City local taxes o
telephone calls to extra-city points is forbidden by the applicab
statute (L. 1934, ch. 873, subd. 1, as last amd. by L. 1952, ch. 232
But from that it does not follow that there is no dispute for th
courts to settle. Defendant telephone company, while admittin
invalidity asserts necessity and tells us that there is no othe
way of charging for these calls, in the first instance, and that
intends, therefore, to continue its present practices. Thus,
justiciable controversy exists not as to whether Manhatta
Westchester calls are taxable but as to whether defendant tel
phone company may continue to force its subscribers to pay tax
not due and require those subscribers to submit to the company
private procedures as to refunds. Whether or not the cour
will in the end enter a declaratory judgment, and, if so, wh
will be its terms, is not now before us on this motion to dismi
the complaint for insufficiency.

Similar reasons require the validation of the injunction cou
in Complaint No. 2. We are told that resort should first be h
to the Public Service Commission on the theory that plaintiff
grievance is as to the adequacy of the company's service, equi
ment or practices (Public Service Law, § 97, subd. 2). Not s
The wrong plaintiff alleges is the illegal collection by the publ
utility of taxes not statutorily authorized. *Kovarsky* v. *Brookly
Union Gas Co.* (279 N. Y. 304) established the rule in such situ
tions that '' direct application for relief may be made to th

court ''. This is not a mere review of a Public Service Commission determination, since the commission has never authorized this tax collection procedure. Whether an injunction is in the end to be granted must await a trial, but it will not do to put plaintiff out of court without a trial.

In the view I take, it is unnecessary to decide whether this is an individually-brought or representative-type action.

In Action No. 1, the judgment appealed from should be affirmed, without costs.

In Action No. 2, the judgment appealed from should be modified so as to provide for the dismissal of the sixth cause of action only, without costs.

In Action No. 1: CONWAY, Ch. J., DESMOND, DYE, FULD and VAN VOORHIS, JJ., concur with FROESSEL, J.; BURKE, J., taking no part.

In Action No. 2: CONWAY, Ch. J., DYE and VAN VOORHIS, JJ., concur with FROESSEL, J.; DESMOND, J., dissents in an opinion in which FULD, J., concurs; BURKE, J., taking no part.

In Actions Nos. 1 and 2: Judgment affirmed.