MERCHANTS MUTUAL INSURANCE Co., Plaintiff, *v.* JOHN VALILIS, Defendant and Third-Party Plaintiff-Respondent. RICHARD T. COFFIN, Third-Party Defendant-Appellant.

First Department, September 27, 1960.

*Leonard Grau* of counsel (*Morton M. Berger*, attorney), for third-party defendant-appellant.

*Gilbert Siegal* of counsel (*Luttinger & Passannante*, attorneys), for third-party plaintiff-respondent.

*Per Curiam.* Plaintiff insurance company has brought an action for a declaratory judgment seeking an adjudication that a policy of automobile liability insurance which it issued to defendant was effectively cancelled for nonpayment of premium prior to the occurrence of an accident in which defendant's automobile was involved; and that therefore plaintiff is not obliged to respond in damages nor to assume the defense in connection with any claims arising out of that accident. Defendant has interposed an affirmative defense to the effect that he made timely payment of the premium to his insurance agent and also alleged that plaintiff had failed to comply with statutory requirements in attempting the alleged cancellation of the policy.

Defendant has also impleaded the insurance broker who procured the policy as a third-party defendant, evidently pursuant to section 193-a of the Civil Practice Act. He alleges

that if plaintiff should prevail in establishing its lack of liability under the policy, '' then it escapes liability by reason of the failure of the 3rd party defendant herein to properly process and handle the said application for insurance, policy of insurance and payments in regard thereto and was careless and negligent and violated his duty to the 3rd party plaintiff in the premises.'' The third-party plaintiff prays that if plaintiff is successful in procuring the declaratory judgment it seeks, it be adjudged that the broker should in effect assume the obligation of plaintiff and respond in damages and also assume the defense of any actions arising out of the accident; and that if any judgment or judgments should be recovered against third-party plaintiff by reason of the accident, he then be entitled to judgment over against the broker in a like sum, together with judgment in the amount of the cost of defense.

Third-party defendant, the broker, has moved to dismiss the third-party complaint, and there are several reasons why that motion should have been granted. Section 193-a of the Civil Practice Act provides that a defendant may bring in a person not party to an action '' who is or may be liable to him for all or part of the plaintiff's claim against him ''. Plaintiff asks in essence that it be declared released of any liability under its policy; it does not seek affirmatively to impose any liability upon defendant for which he may seek exoneration, indemnification or reimbursement from his broker. Defendant seeks a judgment, on the other hand, affirmatively finding his insurance broker guilty of negligence, requiring him to defend any actions arising from the accident, entitling defendant to judgment against the broker for any judgment or judgments recovered in such actions, and for the cost of defending them. This goes far beyond plaintiff's claim against third-party plaintiff. Such relief might dictate the later, inevitable entry of a judgment for damages deriving from the broker's negligence — damages that would be measured by the judgments that might be recovered in the death and personal injury actions that might be brought against defendant arising out of the afore-mentioned accident. Yet, for aught that appears in the record, no claims have yet been made as a result of the accident.

Furthermore, it is difficult to conceive, upon this record, how plaintiff insurance company can prevail in the first instance if defendant proves, as he claims in his third-party complaint, that he made timely payment to third-party defendant as broker. Section 121 of the Insurance Law provides in part: '' Any insurer which delivers in this state to any insurance broker a contract of insurance pursuant to the application or request of

such broker * * * shall be deemed to have authorized such broker to receive on its behalf payment of any premium which is due on such contract ".

Lastly, if plaintiff prevails, and if and when any actions are successfully brought as a result of the accident, other remedies are readily available to third-party plaintiff (*Goodman & Co.* v. *New York Tel. Co.* 309 N. Y. 258).

Therefore, the order denying the motion to dismiss the third-party complaint should be reversed and the motion granted, on the law and in the exercise of discretion, with costs to appellant.

BOTEIN, P. J., VALENTE, McNALLY, STEVENS and EAGER, JJ., concur.

Order, dated December 18, 1959, denying the third-party defendant's motion to dismiss the third-party complaint, unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs.