Dominio S. Rinaldi, J.
The plaintiffs, in this action charging defendant New York Telephone Company with failure and refusal to provide adequate telephone service as required by section 91 of the Public Service Law, move for a preliminary injunction directing defendant to provide them with adequate service, to take the necessary steps in order to provide such service and enjoining the defendant in the interim from terminating or interfering with current service.
Defendant cross-moves for an order pursuant to CPLR 3211 dismissing the complaint upon the grounds that the court does not have jurisdiction of the subject matter of the cause of action and that the complaint fails to state a cause of action in that the matters complained of are subject to the primary or exclusive jurisdiction of the State Public Service Commission.
The plaintiffs, over 80 in number, reside in an area of Brooklyn serviced by three of the defendant’s telephone exchanges. The complaint, which as hereinabove indicated is based upon alleged noncompliance with section 91 of the Public Service Law requiring telephone companies to provide adequate service, consists of two causes of action. The first cause of action alleges in substance that plaintiffs are subscribers to the telephone services of the defendant; that the facilities and telephone service provided by defendant are inadequate and that defendant has failed, neglected and refused to make necessary repairs and to improve service, notwithstanding plaintiffs’ protests of poor service, and that as a result plaintiffs have suffered monetary damage and jeopardy to their health, safety and welfare. The second cause of action alleges in substance that the failure to provide, adequate service, despite defendant’s knowledge of the conditions complained of, is due to gross negligence and/or willful misconduct on the part of the defendant; and, that plaintiffs were thereby damaged and are entitled to a refund of moneys which were paid by them to defendant under defendant’s threat to otherwise cancel and terminate the existing service. *695 Plaintiffs in their prayer for relief in the complaint seek,- in addition to monetary damages, a permanent injunction directing the company to provide adequate service as mandated by section 91 of the Public Service Law.
Section 91 provides in pertinent part that
“ 1. Every * * * telephone corporation shall furnish and provide with respect to its business such instrumentalities and facilities as shall be adequate and in all respects just and reasonable ”
and
“ 3. No # * # telephone corporation shall * ° subject any particular person, corporation or locality to any undue or unreasonable prejudice or disadvantage in any respect whatsoever.”,
Section 93 gives a cause of action for a violation of section 91 or any other portion of the Public Service Law by providing that if a telephone corporation shall do or cause or permit to be done anything prohibited or declared to be unlawful, or shall omit to do anything required to be done, “ either by law of the State of New York by this chapter or by any order of the commission,” it shall be liable to the person or corporation affected thereby for all resulting loss, damage or injury, and an action to recover for such loss, damage or injury may be brought by the aggrieved party in any court of competent jurisdiction.
The thrust of the instant complaint is not directed at any individual act or omission allegedly rendering service inadequate, but addresses itself to a generalized situation, namely, an alleged breakdown or impairment of telephone service generally, as it affects the plaintiffs herein, a situation which necessarily involves consideration of a technical complex of factors properly coming at least in the first instance, within the administrative purview of the Public Service 'Commission.
The Public Service Commission is expressly charged and authorized by statute to investigate complaints of inadequacy of service, to make determinations with respect to the adequacy of service and generally to deal with the problems relating thereto. Thus, the commission has “ general supervision of all * * i:‘ telephone corporations * * * and telephone lines * * * and [has] power to and shall examine the same and keep informed as to their general condition * * * and the manner in which their lines and property are * * * operated or managed, conducted and operated with respect to the adequacy of and accommodation afforded by their service *696 * , * * and with respect to their compliance with all provisions of law ”. (Public Service Law, § 94, subd. 1.)
The commission may investigate as to any act done or omitted by a telephone company, and it is required to investigate and make inquiry in regard to any such act or omission as is in violation of any provisions of law or in violation of any order of the commission (§ 96, subd. 1).
If the commission decides, after a hearing had upon its own motion or upon a complaint that the practices of the telephone company are unjust or unreasonable or that the equipment or service of the company is inadequate, inefficient, improper or insufficient, the commission shall determine the adequate, efficient and proper practices, equipment and service thereafter to be installed and to fix and prescribe the same by order, and it shall thereafter be the duty of every telephone corporation to which such order is directed to obey each and every such order (§ 97, subd. 2). Section 98 of the Public Service Law similarly empowers the commission to order repairs, improvements or changes that ought reasonably to be made, in order to promote the convenience of the public or in order to secure adequate service or facilities for telephonic communications.
As stated in Earl Carroll Realty Corp. v. New York Edison Co. (141 Misc. 266, 272) quoted with approval in Matter of Leighton v. New York Tel. Co. (184 Misc. 827, 829): “ 'Certainly sound policy would seem to dictate that courts should not interfere by summary adjudication or by the extraordinary remedy here sought, in matters highly technical in character and often far reaching in their economic consequences, until they have been considered and passed upon by the trained body established for that very purpose and especially equipped to examine into the intricate ■ facts commonly involved in public utility problems. ’ ’
It has moreover been judicially noted that the enabling section (§93) giving a cause of action for, among other things, a violation.of section 91, contemplates the disobedience of a positive command or injunction (Leighton v. New York Tel. Co., 187 Misc. 132, 134; Carlson Constr. Co. v. New York Tel. Co., 45 Misc 2d 229, 234). It does not appear in the instant case that there was a failure to comply with any prior determination of the Public Service Commission or a failure to do any act specifically required to be done.
In sum, the situation of which plaintiffs complain in this action involves matters which are primarily within the competence and jurisdiction of the Public Service Commission, and which *697 are to be determined by that body in the first instance. (Cf. Goodman & Co. v. New York Tel. Co., 285 App. Div. 404, affd. 309 N. Y. 258; Matter of Leighton v. New York Tel. Co., 184 Misc. 827, supra [proceeding in nature of mandamus]; Leighton v. New York Tel. Co., 187 Misc. 132, sufra [action for damages] ; Leighton v. New York Tel. Co., 84 N. Y. S. 2d 369 [action for damages].)
Accordingly, plaintiffs’ motion for a preliminary injunction is denied, and defendant’s cross motion to dismiss is granted, without prejudice however to any action or proceeding plaintiffs may be advised to institute after full resort is had to the administrative process.
The court does not deem it amiss to comment, in passing, on the public spirit manifested by persons such as the Hon. A. Frederick Meyerson, one of the plaintiffs, who represents all other plaintiffs in this action. Public figures such as Mr. Meyerson demonstrate, by their leadership in the battle to insure proper and fair service to the public, that the people of the community will not be without a voice in seeking redress of their grievances.