Arnold L. Fein, J.
Plaintiffs, individually and doing business as a co-partnersMp for the practice of law, sue for (1) damages *378 in the sum of $100,000; (2) counsel fees; and (3) injunctive relief: in connection -with defendants alleged failure to provide proper telephone service. The first cause of action for damages in the .sum of $100,000, alleges gross negligence, willful misconduct and failure to render “minimal” phone .service. The second cause pleads the violation of subdivisions 1 and 3 of ■section 91 of the Public Service Law, resulting in plaintiffs’ damage in the sum of $100,000. The third cause is for counsel fees, pursuant to section 93 of the Public Service Law. The fourth cause appears to replead the first three and alleges damages of $25,000, because plaintiffs suffered “ public scorn, ridicule and obloquy ”. This cause of action is patently insufficient. .Such damages as may be recoverable are encompassed in the first cause of action. The fifth seeks an injunction restraining defendants from discontinuing plaintiffs ’ telephone service. The sixth and seventh causes of action, respectively, allege harassment by the defendant in its attempt to collect alleged improper billings and ask injunctive relief restraining ■such action and recovery of overcharges.
Defendants move pursuant to CPLR 3211 to dismiss the complaint on the ground that “ primary jurisdiction ” over the matters alleged is with the Public Service Commission and that no cause of action is stated against the individual defendant.
A long line of cases has established the principle that questions as to the adequacy of telephone service are subject to the “ primary administrative jurisdiction” of the Public Service Commission vested by the Public Service Law with the duty of supervising the business of the telephone company and the service rendered by it. The prime consideration in declining judicial intervention is whether the commission can provide the subscriber with an adequate remedy and the gravamen of the complaint relates to matters primarily and uniquely within the jurisdiction and expertise of the commission which the court would be usurping were it initially to pass on such allegations.
In Goodman v. New York Tel. Co. (285 App. Div. 404, affd. 309 N. Y. 258), relied on by defendants, the issue was whether the telephone company’s method of billing in order to collect the city tax on telephone calls resulted in excess payments by subscribers. In a representative action for a mandatory injunction requiring the telephone company to install mechanical equipment to ¡aid in .the process and for other equitable relief, the court held that this was a matter for the commission and that the approval by the commission of the billing methods and the equipment used by the company was sufficient. However, the *379 Appellate Division stated (285 App. Div. 404,409) that an action at law might lie to recover overcharges, noting that the company had provided a means whereby subscribers who were overcharged could, on appropriate proof, obtain .a refund. The Court of Appeals, affirming, made the same point (309 N. Y. 258, 265), holding that a “ direction that the Company install an entirely new system, with all its consequences, is one that should not be made — at least until the Commission has .acted. ’ ’ (Supra, p. 267).
To the same effect are cases against public utilities supplying electricity where the issue arose out of the change to alternating current in ¿lace of direct current. The problem was held to be peculiarly within the province of the commission, which had approved the change, and not subject to court .action. (Meerow Press v. Consolidated Edison Co., 277 App. Div. 839, affd. 302 N. Y. 554; Matter of Earl Carroll Realty Corp. v. New York Edison Co., 141 Misc. 266.) However, in Earl Carroll, an application for mandamus, the court noted that an action at law might lie if damages were shown (141 Misc. 266, 270), and that upon complaint to it the commission had improperly refused to act. This is in line with the cases applying the familiar doctrine of exhaustion of administrative remedies, holding that a direct action will only lie, pursuant to .section 93 of the Public Service Law where there has been a positive command or injunction issued by the commission which has been disobeyed and a showing of a failure to comply with a prior determination of the commission or to do an act which it has specifically required to be done.
The principle is spelled out in the Leighton v. New York Tel. Co. cases (184 Misc. 827; 187 Misc. 132 and 84 N. Y. S. 2d 369) in which the Issue was whether mandamus would lie to compel the telephone company, during the postwar period of shortage of telephone equipment, to recapture extension telephone lines from a large number of subscribers in order to provide service to some 90,000 applicants who could not obtain service. The court stated: ‘1 There is pleaded no order of the commission and no statute or common law of the State is relied on other than section 91 * * * It would therefore appear that there is no failure to do any act specifically required to be done. It is true that .the gravamen of plaintiffs’ action is an omission to do an act, namely, to recapture the extension instruments. But the performance of this act is not required to be done unless it is a necessary consequence of the prohibition against subjecting any person to prejudice or disadvantage * * * Sec *380 ondly, the enabling section (§ 93) giving the cause of action contemplates the disobedience of a positive command or injunction. It would be rather unusual to interpret a statute penal in its nature as calling for action so remote from its context.” (187 Misc. 132, 134).
Although these principles have been followed, these and other cases have indicated that where the complaint is not because of some general condition or general changeover in equipment, but is rather attributable to gross negligence or willful misconduct with respect to a particular subscriber and the commission has failed or is unable to act, an action for damages will lie. Thus, in Hamilton Employment Serv. v. New York Tel. Co. (253 N. Y. 468, 471), where summary judgment dismissing a complaint based on erroneous telephone listings was granted, it was ruled that an action might lie if facts were shown sufficient to raise an issue of gross negligence. Similar is Warren v. Warren New York Tel. Co. (67 Misc 2d 348), upholding a complaint for gross negligence where the defense of primary jurisdiction apparently was not raised.
In Carlson Constr. Co. v. New York Tel Co. (45 Misc 2d 229), a case arising out of the changeover to the direct dialing system, relied on by defendants, the complaint was dismissed, after trial, for failure to prove gross negligence or damages. Only with respect to the third cause of action, premised on the general changeover to the new system, was the complaint dismissed because of a failure to show that this violated a mandate of the commission. Similarly in Executive Development Corp. v. New York Tel. Co. (Helmah, J., Trial Term, I. C. Part 8, N. Y. County, Feb. 2, 1972), relied on by defendants, the complaint was dismissed after trial, for failure to prove gross negligence, willful misconduct and damages. Only in discussing the dismissal of the causes of action founded upon section 93 of the Public Service Law did the court rely on Leighton (supra) and other cases holding there must first be an application to the commission and a showing of a disobedience of its order by “ failure to perform * * * technological functions ”, before the court will intervene.
In Meyerson v. New York Tel. Co. (65 Misc 2d 693), relied on by defendants, the defense was sustained, in reliance on Leighton (supra), upon the ground that prime jurisdiction was with the commission and that a general deterioration of service complaint by a group of 80 plaintiffs was ‘ ‘ primarily within the competence and jurisdiction of the Public Service Commission, and which are to be determined by that body in the first instance ” (65 Misc 2d 693, 696-697).
*381 In none of these cases was there any proof of an application to the commission and a refusal by the commission to act with respect to an individual complaint of gross negligence with respect to the subscriber’s particular service, as distinguished from a general changeover of equipment, type of service or general deterioration of service.
Wadler v. New York Tel. Co., (N. Y. L. J., Mar. 9,1972, p. 18, col. 3), Advanced Computer Technique Corp. v. New York Tel. Co. and American Tel. & Tel. Co. (U. S. Dist. Ct., S. D. N. Y., 70 Civ 4210), and Kass v. New York Tel. Co., (Sup. Ct. N. Y. County, Sp. I, Fino, J., Index 4875/71) relied on by defendants, are all cases in which the defense was sustained, but there is no indication in the decisions that there had been prior application to the commission.
Here the plaintiffs complained to the commission by letter, to which the commission responded by letter, dated October 26, 1970, stating in part: “If the Commission penalizes the Company for poor service or compels it to render acceptable service when revenues are- insufficient to carry on the business, the benefits to subscribers including yourself, would be short lived and further deterioration might well be expected ”.
Defendant now contends that plaintiffs’ letter did not amount to an application to the commission for relief. However, the commission’s rules do not require any particular form of complaint. Plaintiffs ’ communications to the commission, whatever their style, made the specific complaints on which the first and second causes of action are grounded. The commission’s response amounts to a failure or refusal to act, at least for purposes of testing the complaint against this motion to dismiss. If the court does not provide a forum there is none.
Plaintiffs’ only remedy for gross negligence and willful misconduct is by action at law.
The complaint does not state a cause of action against Sabetta, a business office manager of defendant. Accordingly, the motion is granted only to the following extent:
1. The complaint is dismissed as to defendant Sabetta.
2. The fourth, fifth and sixth causes of action are dismissed.
3. The seventh cause of action is dismissed with leave to replead, if so advised, as an action at law to recover alleged overcharges.