CONSUMERS GUILD OF AMERICA, INC., Plaintiff-Appellant, *v.* ILLINOIS BELL TELEPHONE COMPANY, Defendant-Appellee.

First District (4th Division)    No. 80-1009

Opinion filed July 30, 1981.—Rehearing denied February 5, 1982.

Collins and Amos, of Chicago (Richard T. Wimmer, of counsel), for appellant.

960

L. Bow Pritchett and Patrick J. Kilroy, Jr., both of Chicago, for appellee.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The principal issue in this case is whether a court has jurisdiction to hear a suit against Illinois Bell Telephone Company for damages for misrepresentations as to the type of service needed. The trial court dismissed holding that it had no jurisdiction. We reverse and remand for trial.

Plaintiff, Consumers Guild of America, Inc., filed a suit on March 7, 1975, against Illinois Bell Telephone Company alleging that defendant held itself out to be an expert in the economical use of telephones and furnished, without tariff charges, services of persons said to be expert in matters relating to the most economical and efficient use of telephones; that plaintiff relied on defendant's expertise; that after plaintiff's request for advice, a man named Matz, represented by defendant to be expert in the economics of utilization of the telephone, appeared at plaintiff's office, inspected its telephone services and advised plaintiff that no change should be made in its method of utilization of its telephone instruments, although Marz was furnished with all the information he requested and knew or should have known defendant offered a service known as "foreign exchange lines"; that plaintiff did not then know of the availability of such lines; that thereafter plaintiff proceeded to operate its telephone room as before, incurring enormous bills; that eight months later another of defendant's experts did advise the installation of foreign exchange lines indicating they would save plaintiff in excess of $4,000 per month; that plaintiff immediately ordered their installation although there was some delay by defendant in effecting the installation; and that plaintiff suffered damages in the amount of $35,534.45.

A motion to dismiss under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 48) because primary jurisdiction was in the Illinois Power Commission was denied by Judge Ben Schwartz on September 17, 1975. Thereafter matters proceeded toward trial. However, immediately before trial, the same motion was renewed and this time it was granted by Judge Brian Duff. The plaintiff has appealed, contending both that the trial judge erred in reconsidering a motion already considered and denied by another judge and in holding that the Illinois Commerce Commission had primary jurisdiction.

I

■■ The plaintiff's contention that Judge Duff erred in reconsidering a motion already ruled on by Judge Schwartz is without merit. As was held in *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 120-21, 382 N.E.2d 1217, 1220:

"In the instant case, however, the finding by the motion judge was not a judgment. It did not settle or finalize any rights between the parties. A preliminary matter, that is, the sufficiency of the defendant's defense, was considered and rejected, but this did not dispose of a separate claim between the parties. * * * Under the facts of the instant case the finding could have only resulted in a judgment if the defendant had chosen to stand on his pleadings, prompting the eventual entry of a judgment by default. That, however, is not the case.

Clearly, the finding by the motion judge was in the nature of an interlocutory order. As we have indicated, courts have the inherent power to amend and revise such orders at any time before final judgment. (49 C.J.S. *Judgments* sec. 230 (1947); 23 Ill. L. & Prac. *Judgments* sec. 308 (1956).) For example, in *Leopold v. Levin* (1970), 45 Ill. 2d 434, a second trial court vacated a summary judgment order which had been entered for plaintiff by the first trial court. In affirming the authority of the second trial court to vacate the summary judgment order, this court noted that summary judgments on the issue of liability only under section 57(3) of the Civil Practice Act (Ill. Rev. Stat. 1967, ch. 110, par. 57(3)) are interlocutory in character and that 'interlocutory order[s] may be modified or vacated at any time before final judgment' (45 Ill. 2d 434, 446).

In the instant case, the trial court had jurisdiction over the entire controversy, and would retain jurisdiction until final judgment. While prior rulings should be vacated or amended only after careful consideration, especially if there is evidence of 'judge shopping' on behalf of one who has obtained an adverse ruling, a court is not bound by an order of a previous judge (*Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320) and has the power to correct orders which it considers to be erroneous. Here, the cause was assigned to the second judge as a matter of procedure. The defendant could properly renew his motion, even though it had been denied by another judge, and the pretrial judge, in turn, could review and modify the first judge's interlocutory order."

## II

We believe, however, that Judge Duff erred in ruling that the trial court had no jurisdiction to consider the case.

Illinois Bell Telephone Co., being a public utility, is governed by the Public Utilities Act. (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 1 *et seq.*) Section 72 of the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 76), provides in part that:

"When complaint has been made to the Commission concerning any rate or other charge of public utility and the Commission has found, after a hearing, that the public utility has charged an excessive or unjustly discriminatory amount for its product, commodity or service, the Commission may order that the public utility make due reparation to the complainant therefor, with interest at the legal rate from the date of payment of such excessive or unjustly discriminatory amount."

Accordingly the rule has developed that only the Commission has jurisdiction over complaints of excessive rates charged by public utilities and courts have jurisdiction over these matters only on administrative review. (*Gowdey v. Commonwealth Edison Co.* (1976), 37 Ill. App. 3d 140, 345 N.E.2d 785.) Thus, a suit contending rates are excessive or one seeking reparations must be brought before the Commission. (*Klopp v. Commonwealth Edison Co.* (1977), 54 Ill. App. 3d 671, 370 N.E.2d 822, *appeal denied* (1978), 71 Ill. 2d 598; *Gowdey v. Commonwealth Edison Co.* (1976), 37 Ill. App. 3d 140, 345 N.E.2d 785; *Dvorkin v. Illinois Bell Telephone Co.* (1975), 34 Ill. App. 3d 448, 340 N.E.2d 98, *appeal denied* (1976), 62 Ill. 2d 589; *Cummings v. Commonwealth Edison Co.* (1965), 64 Ill. App. 2d 320, 213 N.E.2d 18.) On the other hand a suit for compensatory damages is properly brought initially in the trial court. *Klopp v. Commonwealth Edison Co.* (1977), 54 Ill. App. 3d 671, 370 N.E.2d 822; *appeal denied* (1978), 71 Ill. 2d 598; *Gowdey v. Commonwealth Edison Co.* (1976), 37 Ill. App. 3d 140, 345 N.E.2d 785.

Looking at case law elsewhere, it appears to be well established that suit for damages resulting from breach of contract or from some tortious act (*Muskegon Agency, Inc. v. General Telephone Co.* (1954), 340 Mich. 472, 65 N.W.2d 748; *Behrend v. Bell Telephone Co.* (1976), 242 Pa. Super. 47, 363 A.2d 1152, *vac. & rem.* (1977), 473 Pa. 320, 374 A.2d 536, for consideration of validity of limitations provision; *Campbell and Mountain States Telephone & Telegraph Co.* (Ariz. App. 1978), 120 Ariz. 426, 586 P.2d 987; and see *Tom Lee, Inc. v. Pacific Telephone & Telegraph Co.* (1936), 154 Or. 272, 59 P.2d 683), or suits based in negligence are properly brought in court. (*Mobile America Corp. v. Southern Bell Telephone & Telegraph Co.* (Fla. App. 1973), 282 So. 2d 181, *aff'd as mod.* (Fla. 1974), 291 So. 2d 199; *Continental Telephone Co. v. Hunter* (Okl. 1979), 590 P.2d 667; *Valentine v. Michigan Bell Telephone Co.* (1972), 388 Mich. 19, 199 N.W.2d 182.) Thus it was stated in *Muskegon Agency, Inc. v. General Telephone Co.* (1954), 340 Mich. 472, 482, 65 N.W.2d 748, 753:

"* * * an administrative agency, vested with quasi-judicial as well as quasi-legislative powers, can act upon complaints properly filed and accord a hearing to all parties. The jurisdiction of the public service commission under the statutory provisions is broad

and comprehensive. Yet that jurisdiction has generally been prospective in operation. However, it is not a proper tribunal to decide a controversy after damage has been inflicted. This is a civil action to recover damages for breach of contract or for negligence. The Commission has no jurisdiction to award plaintiff damages or to reimburse plaintiff for its losses. Only a court, in accordance with due process, can constitutionally award damages in a civil action."

Likewise, the court in *Behrend v. Bell Telephone Co.* (1976), 242 Pa. Super. 47, 58-59, 363 A.2d 1152, 1158, *vac. & rem.* (1977), 473 Pa. 320, 374 A.2d 536, for consideration of validity of limitations provision, in holding that the court had jurisdiction over a suit seeking damages for improper listings and description of telephone services stated:

"The question of utility policy as it affects the public is not now before this court, nor is the determination of the reasonableness or adequacy of Bell's methods of providing service. This is an action for damages and the fact that the regulation of utility service is exclusively in the PUC's jurisdiction does not remove from the court's jurisdiction an action for damages based on a failure of service, any more than the PUC's power to promulgate safety regulations prohibits the courts from hearing a claim for personal injuries resulting from unsafe utility equipment. See, *e.g., Smith v. Bell Telephone Co.*, 397 Pa. 134, 153 A.2d 477 (1959); *Frangis v. Duquesne Light Co.*, 232 Pa. Super. 420, 335 A.2d 796, *allocatur refused*, 232 Pa. Super. *xxxi* (1975). The commission's jurisdiction is limited to regulatory matters essential to utility service. *Felix v. PUC*, 187 Pa. Super. 578, 146 A.2d 347, *allocatur refused*, 187 Pa. Super. *xxviii* (1958); *Meyerson v. New York Telephone Co.*, 65 Misc. 2d 693, 318 N.Y.S.2d 900 (1971). The courts retain jurisdiction of a suit for damages based on negligence or breach of contract wherein a utility's performance of its legally imposed and contractually adopted obligations are examined and applied to a given set of facts. *See Nemitz v. Bell Telephone Co.*, 225 Pa. Super. 202, 310 A.2d 376 (1973)."

Similarly the court in *Campbell v. Mountain States Telephone & Telegraph Co.* (Ariz. App. 1978), 120 Ariz. 426, 432, 586 P.2d 987, 993, stated:

"Despite appellees' contentions, however, appellant's complaint deals with much more than the mere manner and means of providing telephone service. As our summary of the complaint above indicates, appellant has proferred three claims in tort—for tortious interference with telephone service, intentional infliction of emotional distress, and invasion of privacy—and one claim for breach of contract. Obviously, each of these claims is elementally

based on the manner and method of providing service, and other matters within the particular expertise of the Corporation Commission. However, the claims' most important aspects involve facts and theories of tort and contract far afield of the Commission's area of expertise and statutory responsibility. Indeed, appellant's tort and contract claims are the type of traditional claims with which our trial courts of general jurisdiction are most familiar and capable of dealing. *See Trico Electric Cooperative v. Ralston, supra; General Cable Corp. v. Citizens Utilities Co., supra; Gregg v. Delhi-Taylor Oil Corp.,* 162 Tex. 26, 344 S.W.2d 411 (1961).

Thus, while it is undeniable that appellant's claims do involve the adequacy and method of telephone service and that such issues are within the Commission's jurisdiction under A.R.S. §40—203 and §40—321(A), these issues are not predominant. This case, as determined by the complaint, does not involve the question of whether appellees are adequately providing telephone service to the public. Further, appellant is not seeking injunctive relief to establish broad public doctrines, or rights to service or levels of service. In short, appellant's case involves relatively simple tort and contract issues revolving around a central inquiry: whether, under traditional judicial principles, appellees committed a civil wrong against appellant. Because these issues predominate, it is clearly not essential for the courts to 'refrain from exercising [their] jurisdiction until after' the specialized administrative agency 'has determined some question or some aspect of some question arising in the proceeding before the court.' Davis, supra, §19.01, at 3. As a result, we decline to apply the discretionary doctrine of primary jurisdiction so as to vest *exclusive* primary jurisdiction in the Corporation Commission."

■■ The plaintiff in the present case seeks to recover damages incurred because of negligent misrepresentations or the negligent performance of a duty voluntarily assumed by the defendant's employee. Thus the case sounds in tort and the claims "are the type of traditional claims with which our trial courts of general jurisdiction are most familiar and capable of dealing." (*Campbell.*) The plaintiff is not challenging the rates charged as did the plaintiff in *Klopp v. Commonwealth Edison Co.* (1977), 54 Ill. App. 3d 671, 370 N.E.2d 822, *appeal denied* (1978), 71 Ill. 2d 598, *Dvorkin v. Illinois Bell Telephone Co.* (1975), 34 Ill. App. 3d 448, 340 N.E.2d 98, *appeal denied* (1976), 62 Ill. 2d 589, *Malloy v. Illinois Bell Telephone Co.* (1973), 12 Ill. App. 3d 483, 299 N.E.2d 517, and *Cummings v. Commonwealth Edison Co.* (1965), 64 Ill. App. 2d 320, 213 N.E.2d 18, relied upon by the defendant. (Compare *Gowdey v. Commonwealth Edison Co.* (1976), 37 Ill. App. 3d 140, 345 N.E.2d 785.) Instead, the plaintiff has

repeatedly conceded the propriety of the rates charged, and seeks damages not because of allegedly excessive or discriminatory rates but because it was misled by defendant's misrepresentations into using the wrong type of service. (Compare *Byer v. Peoples Natural Gas Co.* (1977), 251 Pa. Super. 75, 380 A.2d 383, *allocatur denied.*) Indeed, since section 72 of the Public Utilities Act limits the Commission's jurisdiction to cases where a complaint is made as to a *rate* or *charge*, and the issue is whether that rate or charge is excessive or unduly discriminatory, it would appear that the Commission would have no jurisdiction to hear the case had it been brought before it. In any event, we believe the doctrine of primary jurisdiction is inapplicable since, as we stated earlier, the issues involved in this case are those within the conventional experience of judges and are typically within the competence of the courts. *Steward v. Allstate Insurance Co.* (1980), 92 Ill. App. 3d 637, 415 N.E.2d 1206.

For the foregoing reasons, the judgment of the trial court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

JOHNSON and JIGANTI, JJ., concur.