GREAT AMERICAN INSURANCE COMPANY, Appellant, *v.* JOHN R. COCHRANE, Defendant, and JOSEPHINE GORMLEY, Respondent.

First Department, April 3, 1962.

*Samuel Gottesman* (*Henry B. Roth* with him on the brief), for appellant.

*David G. Lubell* of counsel (*Bernard Sack* with him on the brief; *Harry H. Lipsig,* attorney), for respondent.

MEMORANDUM BY THE COURT. Order, entered on April 3, 1961, dismissing the complaint for insufficiency pursuant to rule 106 of the Rules of Civil Practice, affirmed, on the law and the facts and in the exercise of discretion, pursuant to rule 212 and on the grounds hereinafter stated, with $20 costs and disbursements to defendant-respondent. Plaintiff insurance company sues for a declaratory judgment seeking in essence a

declaration that defendant John R. Cochrane is not insured under the policy it issued, since said John R. Cochrane took and drove the car without the knowledge, consent or permission of the named insured, one Bernhardsen, and not in connection with the latter's business. While the complaint refers only to the pending personal injury action by Gormley against John R. Cochrane (Action No. 1), the parties brought to the attention of Special Term the undisputed fact, reflected in the record on appeal, that Gormley has brought an action based on the same accident against Bernhardsen and Thomas Cochrane (Action No. 2). True, as argued in the dissenting opinion, whether Bernhardsen gave John R. Cochrane permission to use the car is not a material issue in Action No. 1, but it is in Action No. 2, which plaintiff here is defending on behalf of Bernhardsen; and if Action No. 1 were the only pending lawsuit, we would be in complete agreement with the dissenters. If Gormley had sued Bernhardsen and both Cochranes jointly, surely there would have been no need for the declaratory judgment here sought. The issue of permission would have been litigated in that suit, and it would seem that plaintiff here, though it might be bound to defend only Bernhardsen on the issue of negligence, would as a practical matter not have been prejudiced because its defense of that issue on behalf of Bernhardsen inured to the benefit of others. A consolidation of Action No. 1 and Action No. 2 would in effect bring about such a joint suit and, until it is shown that such a consolidation cannot be accomplished or would prejudice plaintiff in a substantial degree, there would appear to be "no real need" for declaratory relief (see *Goodman & Co.* v. *New York Tel. Co.*, 309 N. Y. 258, 266). Entertainment of this action at present would mean the pendency of three separate actions involving aspects of the same accident, and still another looms, for plaintiff has indicated that it intends to seek a declaratory judgment against Thomas Cochrane also. Sanction of such multiplicity requires a demonstration of necessity as yet absent here — certainly not supplied by the insurance company economics involved in separately defending John R. Cochrane.

RABIN, J. (dissenting). I dissent and vote to reverse the order appealed from and to deny the motion to dismiss the complaint for insufficiency.

The plaintiff insurance company seeks a judgment declaring that the defendant John R. Cochrane is not an insured under a liability policy issued by it to one Willard K. Bernhardsen (not a party to this declaratory judgment suit) and for other relief. The defendant Josephine Gormley moved to dismiss the com-

plaint under rules 106 and 107 of the Rules of Civil Practice and also under section 425 of the Civil Practice Act. The motion was granted with respect to rule 106 and otherwise denied. There was no appeal taken by the defendant from the denial of her motion under rule 107 and section 425. Accordingly, we are to here determine whether the court was correct in finding, under rule 106 of the Rules of Civil Practice, that the complaint is insufficient to state a cause of action.

The complaint under consideration alleges, in substance, that the plaintiff insurance company issued a liability policy to Bernhardsen, covering an automobile owned by him. The policy also insured any person using the car with Bernhardsen's permission. It is alleged that while the car was being driven by the defendant Cochrane it was involved in an accident, causing injuries to the defendant Gormley, a passenger in the car, who subsequently brought suit against Cochrane. Cochrane, in turn, called upon the plaintiff to defend. The plaintiff, claiming that Cochrane was not covered by the policy because at the time of the accident he was driving the car without the permission of the named insured, undertook to provide and did provide Cochrane with counsel to conduct his defense, but with a reservation that it was so doing without prejudice to any of its rights and until such time as its rights would be ultimately determined in a declaratory judgment action to be instituted by it.

The complaint also alleges that this plaintiff caused this declaratory judgment action to be instituted to determine whether it is obliged to continue the defense of Cochrane in the personal injury action brought by Gormley and for a further declaration that there was no obligation on its part to pay any judgment which might be obtained by Gormley against Cochrane.

There is one further allegation in the complaint that should be given special note because it seems to be the one that raises the question of the propriety of bringing this declaratory judgment action. It is the one in which the plaintiff states that there is an allegation in the complaint of the personal injury suit brought by Gormley against Cochrane to the effect that at the time of the accident the car was being driven by Cochrane with the permission and consent of Bernhardsen, the named insured.

As heretofore stated, Special Term held that no cause of action is stated in this declaratory judgment complaint. I disagree. It seems to me that the complaint sufficiently sets forth a proper case for declaratory judgment.

The burden of the court's opinion is that because the complaint in the personal injury action contains an allegation to the effect that Cochrane was driving the car with the consent of the named insured, such allegation invoked the obligation on the part of the plaintiff to defend. It held that until that issue of consent has been determined in the main action it may not be tried here in this declaratory suit.

It is the plaintiff's contention that it is under no obligation to undertake the defense of the personal injury suit against Cochrane because he was not covered by the policy. Cochrane on the other hand takes the position that he is covered. Thus, we have a judiciable controversy — the primary requisite for the court to entertain an action for a declaratory judgment.

Of course, standing by its position, the plaintiff may simply ignore the demand and refuse to defend the action. However, such a course is fraught with danger. Cochrane might default in the personal injury suit and a judgment might there be entered against him, which judgment the defendant would be obliged to pay if it eventually develops that it was mistaken in its conclusion as to its obligation toward Cochrane. So too, if Cochrane presents an inadequate or an inferior defense the defendant might become saddled with a verdict larger than it might otherwise have been. It should be noted that Cochrane is being sued for $300,000.

On the other hand, if the plaintiff does undertake the defense it might conceivably become obliged to pay a judgment rendered against Cochrane by reason of its having taken control of the case. Of course, it may protect itself by defending with a proper reservation as it is presently doing. However, the plaintiff will still be required to incur the considerable expense entailed in furnishing such defense.

If the plaintiff is acting in good faith and if its claim is not a frivolous one, it should not be obliged to take any of the risks involved. It is for that reason that the law makes provision for having its rights declared and it should not be denied that opportunity if it properly invokes the jurisdiction of the court (see 20 Appleman, Insurance Law and Practice, § 11354).

It is true that the obligation to defend is greater than the obligation to pay. And it has been held that the insurer must defend an insured no matter how fatuous the claim against him may be, provided, of course, that there be coverage. However, sometimes the question of coverage is so inextricably tied in with the question of liability that whether there is coverage cannot be determined without trying the issues or some of the issues that must be tried in order to determine liability in the personal

injury suit. In other words, there may be cases where the determination of the question of coverage depends on an issue that is material and pertinent to the main action to be tried. In such cases, a separate declaratory judgment may not be had. In order to determine whether such situation exists we look to the complaint in the action that the insurance company is called upon to defend. If it appears from that complaint that some issue, on which coverage depends, must be tried before the question of liability pleaded can be determined then there can be no declaratory judgment. And that would also apply where alternative theories of liability are pleaded (*Prashker* v. *United States Guar. Co.*, 1 N Y 2d 584).

Special Term held that declaratory judgment does not lie in this case because it is here alleged that there is an allegation in the personal injury suit complaint that the automobile there involved was being operated by the defendant Cochrane with the consent of Bernhardsen, the named insured. But that allegation is gratuitous and surplusage and does not raise an issue that must be tried in order to establish liability in that case. Whether Cochrane drove the car with or without the consent is wholly immaterial. Liability there does not stem from a determination of that question.

Special Term held that the plaintiff may not " try here the question of operation with knowledge and consent   *   *   * until the issue has been determined in the main action." But that issue may not be determined because the question of consent need not be proven to establish the liability of the defendant in the main action. Indeed, proof on that question might not even be taken. Therefore, the reason for holding the declaratory judgment complaint to be insufficient falls. And it must fall because the complaint in the main action does not call for the determination of an issue on which coverage depends.

It would be different if a suit were brought against the owner of the automobile and if the complaint in that suit contained such an allegation. There the allegation of consent would be essential to fix liability on the owner. He could not be held responsible if it were proven that the car was being driven without his consent. In that case liability would stem from consent. Therefore, an allegation of consent would be fatal to an attempt by the insurance company to determine coverage in a declaratory judgment suit. We would then have a typical case where the question of coverage depends on an issue that is material and pertinent to the main action to be tried. Not so here.

I, therefore, conclude that the complaint in this case is good.

It is argued that the failure to make the named insured a party to this action precludes the granting of the declaratory relief sought. That is not fatal. It certainly may not call for a dismissal of the complaint on the ground of insufficiency, particularly without giving the plaintiff an opportunity to add such named insured. If the named insured should be deemed to be an indispensable party to this action or a conditionally necessary party thereto then recourse could be had to the remedies afforded by section 193 of the Civil Practice Act.

Nor do I agree that to grant the relief sought will result in a deprivation of the right to a jury trial on the issue of consent. Assuming such right to exist in these circumstances there is provision under rule 213 of the Rules of Civil Practice for a jury determination of such issue.

It is suggested that the plaintiff should not have available to it declaratory judgment procedures in view of the fact that it has already undertaken the defense of Cochrane in the personal injury action. However, the defense was concededly undertaken with express reservations as to the carrier's duty to do so. Such reservation suffices to leave the carrier free to seek the declaratory relief here sought (*O'Dowd* v. *American Sur. Co. of N. Y.*, 3 N Y 2d 347, 355).

The majority of this court in affirming states that " if Action No. 1 [the action relative to which a declaration is sought] were the only pending lawsuit, we would be in complete agreement with the dissenters." But this declaratory judgment complaint refers only to Action No. 1 and there is no reference " on the face " of the complaint to any other action. However, even if we were permitted to go beyond the complaint in determining sufficiency under rule 106, I believe that the court, in its discretion, should not refuse to entertain this action. Gormley, in commencing her personal injury suit did not do so in the usual manner, i.e., by bringing in as codefendants the owners of the car as well as the operator. By use of the device of instituting several actions she has placed the insurance carrier in the position where it now has to decide, at its peril, whether it is now obliged to defend. She ought not now be heard to complain when the carrier seeks to extricate itself from such position. Nor should we, by dismissing this complaint as a matter of discretion, aid her in achieving whatever objective she had in mind when she instituted separate suits. Furthermore, we should not be called upon to speculate that the other action now pending will proceed to judgment and thereby dispose of the issue of consent. It might be settled or otherwise discontinued. Nor should we assume that the actions

now pending will be consolidated. It must be noted that such consolidation will require the insurance carrier to provide separate counsel for each defendant because of the conflicting interests. While consolidation might not be prejudicial to Gormley it certainly could be prejudicial to the carrier.

Nor can I agree that to sustain this complaint will result in a multiplicity of actions. To the contrary, a disposition here in favor of the insurance carrier on the issue of consent would in effect terminate Gormley's other action against the owner. Indeed, if the request for declaratory relief be not entertained and Gormley obtains a judgment in the action against the operator, the issue of consent would still have to be tried in an action under section 167 of the Insurance Law.

BOTEIN, P. J., VALENTE and McNALLY, JJ., concur in Memorandum; RABIN, J., dissents in opinion in which BREITEL, J., concurs.

Order, entered April 3, 1961, dismissing the complaint for insufficiency pursuant to rule 106 of the Rules of Civil Practice, affirmed, on the law and the facts and in the exercise of discretion, pursuant to rule 212 and on the grounds here stated, with $20 costs and disbursements to defendant-respondent.