FRANCES CARDONE, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.

ANNA M. O'CONNOR, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant.

Supreme Court, Appellate Term, First Department, October 27, 1949.

*Colley E. Williams* and *Sidney L. Davis* for appellant.

*Harry Lesser* for respondents.

EDER, J. Appeals Nos. 35 and 36 involve the same question and are considered together. In each action plaintiff sued to recover alleged overcharge for gas service supplied by defendant. Defendant moved, in each action, to dismiss the complaint upon the grounds that (1) the court has not jurisdiction of the subject of the action and (2) that the complaint, upon the face thereof, does not state facts sufficient to constitute a cause of action. The motion was denied, in each instance, and judgment rendered for plaintiffs, and defendant appeals from the orders and judgments thereon.

Various questions are discussed in the briefs, but the basic question, concerning jurisdiction, will be here considered, for, if sound, as it is believed to be, it follows that the actions must be dismissed, and it becomes unnecessary to discuss or determine the other points presented.

The plaintiffs are customers of the defendant using its gas service for which the defendant charged them the rate permitted by law. In proceedings duly instituted, the defendant applied for and obtained from the Public Service Commission permission to increase its rates and charges for gas service. The commission authorized a temporary increase, effective on January 10, 1949, pending final determination of the application.

This authorized increase necessitated a reading of the meters in *one* day — on the effective date — in order to enable the defendant to make the new billings to its customers. This was an impossible task since the defendant supplies its gas service to its customers through 1,181,000 meters. To meet this condition the defendant proposed what it has referred to as a proration formula, which it called to the attention of the commission, in a letter under date of January 4, 1949, when transmitting to the commission its revised gas rate schedule, as follows: " For the purpose of prorating the amount of any regular bills for gas service extending over a period before and after the effective date of the revised rates, it is proposed to treat each regular monthly bill as covering ten-tenths of a month and each regular bi-monthly bill as covering twenty-tenths of a month. For example, a regular monthly bill based on a meter reading of January 13, 1949 (assuming the effective date of the revised date to be January 7, 1949) would be treated as having 6 days or two-tenths of the total consumption billed under the revised rates, while a regular bi-monthly bill based on a meter reading of the same date would be treated as having one-tenth of the total consumption billed at the revised rate. This method of prorating regular bills is for the pur-

pose of avoiding the excessively burdensome procedure that would be involved in prorating each regular bill on the basis of the actual number of days covered by such bill.''

No formal approval of this proposed method or procedure suggested by the defendant of estimating or prorating the quantity of gas used by a consumer prior to or after January 10, 1949, when the increased rate became effective, was given by the commission, but the defendant proceeded to adopt and act upon it in billing the plaintiffs.

The plaintiffs contend that this nonapproved method and practice has resulted in an excessive charge to them and constitutes an arbitrary estimate or apportionment of gas consumed prior to and after January 9, 1949, is illegal and unauthorized, entitling plaintiffs to recover back the alleged overcharge.

The defendant contends that it had the legal right to adopt and employ the method and practice of proration, as it did, is properly conducting and operating its business, and that approval of the commission at the outset, as to this course of procedure was unnecessary; that if the propriety of this method or practice was to be challenged, the sole forum for that purpose was the Public Service Commission, in the first instance, and not the courts, and that the commission had exclusive jurisdiction over the subject matter. On the other hand the plaintiffs contend that their proper remedy is to seek redress in the courts as they have done, by action to recover the alleged overcharge.

I find nothing in the Public Service Law which prohibits the defendant from prescribing methods, practices and regulations required for the proper conduct of its business and found necessary for its efficient administration; nor do I find any provision in said statute which requires the approval of the commission, in the first instance, to render such methods, practices and regulations valid and effective.

In the absence of statutory or judicial prohibition a public utility has the right to prescribe and adopt methods, practices, rules and regulations for the conduct of its business provided they are reasonable, just and not in contravention of law (51 C. J., Public Utilities, § 14; 43 Am. Jur., Public Utilities and Services, § 38, p. 597, and cases there cited).

Subdivision 5 of section 66 of the Public Service Law authorizes the commission to examine and keep itself informed as to the methods, practices and regulations of public utilities, and provides that whenever the commission shall be of opinion

that the acts or regulations of a public utility are unjust, unreasonable, unjustly discriminatory, or unduly preferential or in any wise in violation of any provision of law, the commission is authorized to determine the matter and prescribe the just and reasonable acts and regulations to be done and observed.

Thus, in the first instance, the defendant, as a public utility, possesses the right to prescribe methods, practices and regulations for the conduct of its business, and the reasonableness or justness thereof is subject to review and correction by the commission upon complaint or upon its own motion (Public Service Law, § 66, subd. 5).

The plaintiffs claim that the method and practice adopted and employed by the defendant, i. e., the use of the proration formula, is unjust and results in what is termed an arbitrary apportionment, and that this method and practice are wrong. In sum, that the method and practice are unreasonable and unjust.

Assuming, *arguendo,* there is merit to this contention of the plaintiffs, it appears to be well-established law that the reasonableness of rates, rules or practices, promulgated by a utility, like defendant, is a question to be determined in the first instance by the Public Service Commission; this is a rule of primary administrative jurisdiction, and in such cases preliminary resort to the commission is required in the first instance, and not to the courts (*Hewitt* v. *New York, N. H. & H. R. R. Co.,* 284 N. Y. 117, 124; *Ten Ten Lincoln Place, Inc.,* v. *Consolidated Edison Co. of N. Y.,* 190 Misc. 174, affd. 273 App. Div. 903; leave to appeal denied, 298 N. Y. 937; *Matter of Leitner* v. *New York Tel. Co.,* 277 N. Y. 180, 189; *Croyden Syndicate, Inc.,* v. *Consolidated Edison Co. of N. Y.,* 72 N. Y. S. 2d 846, 848, 849; *Leighton* v. *New York Tel. Co.,* 84 N. Y. S. 2d 369, 370; see, also, *Pennsylvania R. R. Co.* v. *Puritan Coal Mining Co.,* 237 U. S. 121, 131, 132).

In the *Pennsylvania R. R. Co.* case (*supra,* pp. 131, 132) it is pointed out that until the administrative body has determined the practice to be improper no court has jurisdiction of a suit to recover damages occasioned by its enforcement. In the *Leighton* case (*supra*) the court makes the following statement, supported by citation of authority (p. 370): " The authorities clearly hold that in situations of the kind for which regulatory bodies are particularly and peculiarly constituted, no actions will lie for damages without a prior decision by such regulatory body. * * * In other words, where the reasonableness of a practice is challenged, primary resort must first be had before

the Commission, which is an expert body duly constituted to pass upon such problems ".

In the light of the views herein expressed, and the authorities referred to, the ultimate conclusion is reached that the motions to dismiss the complaint in each action on the ground that the court was without jurisdiction of the subject of the action, should have been granted, and that it was error to deny the same.

The judgments and orders appealed from should be reversed, with $10 costs in each case, motions to dismiss granted, and complaints dismissed, with costs in each case.

PECORA and HECHT, JJ., concur.

Judgments and orders reversed, etc.