JACOB GOODMAN & CO., INC., Respondent, *v.* NEW YORK TELE-PHONE COMPANY et al., Appellants.

First Department, February 15, 1955.

*Frank A. Fritz* of counsel (*Bleakley, Platt, Gilchrist & Walker, Arthur P. West, Anthony T. Antinozzi, Frank A. Fritz, Jr., Eric B. Nelson* and *Philip Wagner* with him on the brief; *Ralph W. Brown,* attorney), for New York Telephone Company, appellant.

*Morris L. Heath* of counsel (*Stanley Buchsbaum* and *Charles M. Fox* with him on the brief; *Adrian P. Burke, Corporation Counsel,* and *Leo A. Larkin, Acting Corporation Counsel,* attorneys), for City of New York, appellant.

*Harry J. Halperin* of counsel (*Bernard Buchwald* and *Edmund B. Hennefeld* with him on the brief; *Halperin, Natanson, Shivitz & Scholer,* attorneys), for respondent.

BREITEL, J. Defendants New York Telephone Company and City of New York appeal from orders denying their motions to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. Defendant telephone company also appeals from the denial in form of plaintiff's motion for a temporary injunction, but which denial referred to the memorandum of Special Term directing that the funds in question be held in *status quo.*

Plaintiff, a subscriber to defendant telephone company's service, instituted this representative action for a judgment declaring that the New York City sales tax may not legally be charged or collected by the telephone company on calls made from within the city to points outside the city limits (namely, lower Westchester County or Nassau County), an injunction against the continued charging or collecting of such tax and its payment to defendant city, and an accounting by the telephone company and city of all such tax money heretofore collected and in their possession. In addition, the subscriber seeks

an injunction mandating the telephone company to install mechanical equipment designed to differentiate wholly local calls, conceded to be properly taxable, from calls originating locally but destined to points in lower Westchester or Nassau Counties. Finally sought are counsel fees and an attorney's lien on any funds produced by the subscriber's efforts on behalf of the class it purports to represent.

The orders should be reversed, the motions addressed to the pleading granted and the complaint dismissed for legal insufficiency. The order denying the motion for a temporary injunction should be modified to deny the motion unqualifiedly.

Plaintiff, a business concern, is a subscriber to the telephone company's service on a '' message-rate '' basis. Its calls, like those of similar subscribers, as well as those on a '' flat-rate '' basis, are made on the principle of automatic dialing, that is, the telephonic communication is established without the intervention of an operator. Consequently, there is no recording by the telephone company of the terminal point of a dialed call, particularly a call made from the city to points within the calling area, but located in lower Westchester or Nassau Counties.

The City of New York, acting pursuant to legislative authorization (L. 1934, ch. 873, as last amd. by L. 1952, ch. 232), imposes a 3% tax upon receipts from sales of telephone service. (Administrative Code, § N 41–2.0, subd. a.) The telephone company is liable to the city for the tax. It collects the money from its subscribers and holds it as trustee for the city. (Administrative Code, § N 41–2.0, subd. e.) It is clear, however, that no tax may be validly imposed on any telephone call '' consummated outside of the territorial limits '' of the city, '' notwithstanding that some act be necessarily performed * * * within such limits.'' (L. 1934, ch. 873, § 1, as last amd. by L. 1952, ch. 232, § 1, subd. 6.)

The telephone company, apparently because of the absence of a record made by it of calls originating in the city but terminating in lower Westchester or Nassau Counties, has been charging and collecting from its subscribers taxes based on these calls. It is claimed by the plaintiff subscriber that it, and other subscribers similarly situated, have, since 1950, paid taxes on such calls; that this constitutes an overcharge in violation of the provisions of subdivision 1 of section 91 of the Public Service Law; that the aggregate sum so collected by the telephone company exceeds two million dollars; and that the tele-

phone company has retained that sum and is a constructive trustee thereof for the benefit of its subscribers. It is with respect to this " trust fund " that the plaintiff subscriber seeks an accounting. Since it is also alleged that the telephone company is threatening to continue to exact a sales tax on out-of-city calls, the plaintiff subscriber also seeks declaratory relief and an injunction.

It is admitted in the complaint that the telephone company has notified its subscribers that they are entitled to refunds, although it is claimed that the telephone company has imposed illegal conditions and requirements to its refunding practice. It is asserted, however, that, at the expenditure of " a relatively small sum of money ", the telephone company can devise and install mechanical equipment to separate-out calls made to lower Westchester and Nassau Counties, and thereby limit its sales tax charges to wholly local calls. Plaintiff subscriber would thus have this court mandate, by injunction, the installation of this equipment.

Insofar as it seeks a declaratory judgment, the complaint is insufficient, since it appears that there is no dispute among the parties that no tax is assessable on telephone calls originating in the city of New York but terminating outside the city limits. Nor is it disputed that the telephone company is not entitled to retain, as its own, any taxes collected on such nontaxable telephone calls as a result of its failure to segregate taxable from nontaxable calls.* Nor is there any dispute that the subscriber is entitled to a refund for the taxes that may have been collected, in the first instance, on nontaxable telephone calls.

Insofar as it asks for an accounting, the complaint is likewise insufficient. There is no fiduciary or confidential relationship. There is no fund to which the subscribers may claim title as such. No subscriber has any interest in recovery by others. Whatever does arise from the transactions involved in this complaint establishes merely a debtor-creditor relationship, with an adequate remedy at law. Under these circumstances, a claim for overpayment, particularly where there is no dispute as to the right to recover such overpayment, does not establish a right to an accounting. (*Terner* v. *Glickstein & Terner*, 283 N. Y. 299; *Kovarsky* v. *Brooklyn Union Gas Co.*, 279 N. Y. 304, 314.)

---

* It is notable, however, that the telephone company retained the excess taxes collected for four years until the commencement of this action which alerted the municipal authorities. This was alleged by plaintiff and conceded by defendants on the argument of this appeal.

Insofar as the complaint seeks a permanent injunction, it is also insufficient. It is clear from the affidavits supporting the motion for a temporary injunction that the telephone company, upon proof — and the simplest of proof at that, will refund overpayments of taxes received on telephone calls such as those involved in this case. There is no showing or allegation that the intervention of the Public Service Commission was sought at any time. Some of the features sought by way of injunction obviously encroach on the regulatory power of the Public Service Commission. This applies particularly to the request that the court mandate the telephone company to add new equipment or substitute one type of machinery for the kind it now uses in the transmission of dial calls.

Most significantly of all, the complaint fails to show that the remedy at law is inadequate. There is no dispute, as has already been stated, that no tax may properly be charged on telephone calls to points outside the city. There is no dispute that no subscriber should be obligated to pay such a tax. The problem arises simply because the use of existing automatic machinery, which presumably cuts costs, and, therefore, the charges for service to subscribers, prevents the segregation of taxable from nontaxable calls. As a result, the telephone company bills its subscribers, in the first instance, on the basis that all calls are taxable. It leaves to the subscriber the burden of proving that any of the calls are not taxable. The subscriber is also left with the burden of procuring a refund, which, obviously, is not a facile or convenient method for him. But these difficulties arise from the fact that the automatic machinery presently in service prevents the telephone company from having any knowledge whatever whether any dialed telephone call is taxable or nontaxable. On the other hand, the subscriber does know whether his telephone call is taxable or not — at least, he knows whether or not he is telephoning to a point outside the city.

The tax statute (Administrative Code, § N 41–2.0, subd. i) reads: "For the purpose of the proper administration of this title and to prevent evasion of the tax hereby imposed, it shall be presumed that all receipts for property and services mentioned in this section are subject to tax until the contrary is established, and the burden of proving that a receipt is not taxable hereunder shall be upon the vendor or the purchaser. Unless the vendor shall have taken from the purchaser a certificate signed by and bearing the name and address of the pur-

chaser and the number of his registration certificate to the effect that the property or service was purchased for resale, the sale shall be deemed to be a taxable sale at retail.''

Only the first sentence is relevant to this case.

Since, under this statute, the vendor does not know and the vendee does know, that is, the telephone company does not know, and the subscriber does know, the destination point of dialed calls, it is the subscriber who has the burden of establishing that his telephone calls are free from tax. The telephone company, using the equipment presently in service, has no choice but to collect, subject to refund, tax on all calls, taxable or nontaxable. Consequently, the essence of the complaint is the charge that the telephone company, by its billing practices, its refund practices, and most of all, the type of automatic machinery it utilizes, is providing an inadequate service to its subscribers. If that be so, then this is a matter that is primarily, if not exclusively, within the jurisdiction of the regulatory commission, the Public Service Commission. (Public Service Law, § 97, subd. 2; cf. *Cardone* v. *Consolidated Edison Co. of N. Y.*, 197 Misc. 188, affd. 276 App. Div. 1068.)

Since, in this view, the plaintiff subscriber fails to allege an individual cause of action, there is no necessity to pass on the question of its standing to bring a representative action.

Accordingly, (1) insofar as they deny the motion to dismiss, the orders should be reversed, the motions addressed to the pleading granted and the complaint dismissed, without costs, and without prejudice to any action or proceeding plaintiff may be advised to institute after the Public Service Commission (on its own motion or on complaint), in the first instance, has made a determination on the reasonableness, propriety, adequacy and sufficiency of the practices and services herein involved; and (2) insofar as the order denies the motion for a temporary injunction, it should be modified, without costs, to deny the motion unqualifiedly. Settle order.

COHN, J. P., CALLAHAN and BOTEIN, JJ., concur.

Orders, insofar as they deny motions to dismiss complaint, unanimously reversed and the complaint dismissed, without prejudice, in accordance with opinion herein; insofar as the order denied motion for temporary injunction, it is unanimously modified so as to deny the motion unqualifiedly, and as so modified, affirmed. Settle order.

(Republished decision, February 25, 1955.)

Orders, insofar as they deny motions to dismiss complaint and insofar as they direct that the *status quo* of the funds be maintained, unanimously reversed and the complaint dismissed without prejudice, in accordance with opinion herein. COHN, J. P., CALLAHAN, BREITEL and BOTEIN, JJ., concur. Opinion by BREITEL, J. Order filed.*

* Also printed *post*, p. 887.— [REP.