Abraham J. Gellinoff, J.
Petitioner, M. R. Glass, Inc., seeks an order, in an article 78 proceeding, restraining respondent, the New York Telephone Company, from changing petitioner’s present telephone number and removing that number from the next telephone directory.
Petitioner is in the retail auto glass replacement business. Its present number, 674-5277, corresponds on the telephone dial to the letters M-R-G-L-A-S-S. Petitioner obtained this number in the Summer of 1964 and has since that time been notifying customers to contact it by dialing “Mr. Glass” as well as advertising to the same effect. Petitioner alleges that respondent has notified it that petitioner’s present number would be changed in a few days and would not appear in the next phone directory. It claims that the continued availability of its present number is vital to its business and that it will be irreparably damaged if respondent is permitted to change the number.
Under the general rules and regulations of respondent, which are on file with the Public Service Commission, as required *22 by law, is one which states that “ the subscriber has no proprietary right in any number * * * assigned by the telephone company” and that the company reserves the right to change subscribers’ numbers as the conduct of the business of the company may require. A written commercial practice of the company, in existence for many years, has stated that requests for numbers with digits corresponding to the letters of a name are refused, to prevent unfair discrimination between competitors and for other reasons. The directory advertising regulations of respondent likewise state that it is the company’s policy to refuse requests for telephone numbers with digits corresponding to the letters of a firm name that would enable the use of the name as a dialing code. In addition to the difficulties which a contrary policy would create with objecting competitors of the subscriber, the company cites other reasons which, it claims, make its policy desirable from the standpoint of rendering economical and efficient service.
Respondent claims it was unaware that petitioner’s number corresponded to its name on the telephone dial until the matter was recently called to its attention by complaints of petitioner’s competitors. As to petitioner’s assertion that certain other subscribers possess numbers whose digits correspond with their names, it is sufficient to observe that respondent states that it intends to change those numbers as well as petitioner’s number.
It is clear that petitioner has no legal right to retain its present number and that respondent, pursuant to its well-established policy of many years’ standing, has the right to change that number. Petitioner’s contention that the regulations on which respondent relies are unreasonable or arbitrary as applied to petitioner is one which must be determined in the first instance at least by the Public Service Commission (Cardone v. Consolidated Edison Co., 197 Misc. 188, affd. 276 App. Div. 1068; Matter of Leighton v. New York Tel. Co., 184 Misc. 827) rather than by this court. Motion denied.