MANION, Circuit Judge.
 

 Dragon Mraovic was an employee of El-gin, Joliet & Eastern Railway (Elgin). While on duty, he injured his arm shutting a glass window in the lunchroom. He sued the railroad under the Federal Employers’ Liability Act. A jury found the railroad not liable for Mraovic’s injuries. He appeals the district court’s denial of his motion for a new trial. We affirm.
 

 I. BACKGROUND
 

 Elgin employed Mraovic as an electrician. On a cold day in March 1984, he arrived for work and entered the employees’ lunchroom. There he found an open window of the type used in schools — high in a wall, to be opened and closed only by a long pole. When Mraovic tried to close the window it shattered, cutting him severely. Over the next few years he was treated by several doctors and had surgery on the arm three times. He attempted but was unable to return to work in 1986.
 

 Although those facts are the reason Mraovic initially filed this lawsuit, his appeal is based less on what happened to him in the lunchroom than on what happened to his attorney before and during trial. This case was more than two years old when the trial judge set dates for close of discovery (July 8, 1987), the final pretrial order (August 3, 1987), and a firm trial date (August 26, 1987).
 

 On July 30 — three weeks after discovery closed — Mraovic’s attorney, John C. Sands, met with Elgin’s attorney to prepare the final pretrial order. For the first time Sands identified two non-medical witnesses that he wanted to list as experts. Elgin’s attorney objected to these witnesses because they were not named until after discovery had closed. Elgin included the objection in the pretrial order and later filed a written motion seeking to have the proposed witnesses barred. At that same meeting, the parties agreed Elgin’s expert doctor could examine Mraovic before trial, because Elgin was entitled to a medical evaluation of the injury and all the medical evidence to that point was in Mraovic’s exclusive control. The parties further agreed that Elgin’s examining doctor would promptly furnish a report to Sands, and that Sands would have the right to depose the doctor before trial. These agreements were part of the final pretrial order prepared by the attorneys, and be
 
 *270
 
 came the court’s order when signed by the district court judge on August 7, 1987.
 

 On August 14, the day the medical examination was scheduled, Sands called Elgin’s attorney and told him Mraovic would not appear for the exam unless Elgin signed a stipulation withdrawing its timeliness objection to Mraovic’s proposed expert witnesses. Elgin refused, and Mraovic deliberately skipped the appointment on Sands’ advice. Sands instead arranged for Mrao-vic to be examined by a doctor Sands hoped to call as an expert witness.
 

 At the final pretrial conference, 19 days before the firm trial date, Sands moved for a continuance because he had not arranged for his medical experts to be available for the trial. The district court denied the motion because it believed Mraovic had made no effort to prepare himself for trial on the scheduled date, and because the court had previously admonished Sands on numerous occasions to be prepared on the firm trial date. A written continuance motion followed, which the court also denied.
 

 On the day of trial, the district court denied Elgin’s motion to bar testimony from Mraovic’s two non-medical expert witnesses who were revealed after discovery. Even though Sands had not identified the witnesses on time, the court ruled that Elgin’s attorney would be allowed to depose them that night or during the trial before their testimony. (Yet after all that, Mraovic did not use either witness.)
 

 The court then considered what it termed a “more serious matter” — the railroad’s motion for sanctions based on the deliberate violation of the August 7 court order providing for Mraovic to be examined by defendant’s doctor. After granting the motion for sanctions, and with the jury waiting outside the courtroom, the judge asked both sides to submit proposed sanctions. Elgin suggested that Mraovic should be precluded from presenting expert medical testimony, since his violation of the court order put Elgin at a disadvantage by not having testimony from its medical expert. Sands then revealed that he had not been able to arrange for the testimony of Mraovic’s treating physician, and again requested a continuance, but proposed no alternative sanctions. The judge reiterated his request for Sands to provide a specific proposal on lesser, alternative sanctions. After consulting with his client, Sands suggested that he personally be assessed court costs for the three days the jury was to have sat, and again requested that the court grant a continuance. Having already rejected several motions for continuance, and having a full calendar for the next few weeks, the district court granted the railroad's motion to prevent Mraovic from introducing any expert medical testimony related to his injury, and reiterated that the scheduled three-day trial would begin that day.
 

 At trial, Mraovic was allowed to present testimony showing that an injury occurred, and that the injury caused pain and suffering. He was not restricted in any way from presenting evidence that Elgin was responsible for his injuries. After trial, the jury concluded that Elgin was not liable, and thus never reached the issue of damages.
 

 Mraovic appeals: 1) the district court’s refusal to grant a continuance because his medical experts were unavailable; 2) the district court’s sanction preventing Mraovic from presenting any expert medical testimony instead of a lesser sanction such as assessing court costs to Mraovic’s attorney; and 3) certain of the district court’s eviden-tiary and procedural rulings. Mraovic also presents the issue whether he was denied a fair trial by the district court judge’s “continued disparagement” of his attorney Sands.
 

 II. DISCUSSION
 

 A. Mraovic’s Motion for Continuance
 

 District courts have wide discretion to control their docket by granting or denying motions to continue.
 
 Northern Indiana Public Service Co. v. Carbon County Coal Co.,
 
 799 F.2d 265, 269 (7th Cir.1986). When reviewing challenges for abuse of discretion in district court scheduling, we have concluded that “[mjatters of trial management are for the district judge;
 
 *271
 
 we intervene only when it is apparent that the judge has acted unreasonably. The occasions for intervention are rare.”
 
 Id.
 

 In this case, the district court's refusal to postpone the trial because Mrao-vic’s medical experts were unavailable was not unreasonable. Mraovic had more than two-and-a-half months to arrange testimony from his doctors after the district court set a firm trial date. Mraovic had almost three more weeks to arrange their testimony after the court denied his motion for continuance. Yet he made no effort to arrange their testimony until the week before trial. Further, the district court made painstakingly clear that the trial would go forward on the scheduled date, and Mrao-vic promised to be ready. Under Fed.R. Civ.P. 16(b), district courts need not tolerate undue delay.
 
 G. Heileman Brewing Co. v. Joseph Oat Corp.,
 
 871 F.2d 648 (1989) (en banc) (district courts have inherent authority “to promote the just, speedy, and inexpensive determination of every action”); see also 6 C. Wright and A. Miller, § 1522, at 572 (1971). This case was already more than two years old. Mraovic puts forward no compelling reasons why we should find the district court’s action to be unreasonable. The refusal to grant a postponement is not reversible error.
 

 B. Sanctions
 

 Mraovic’s challenge to the district court’s sanction prohibiting him from presenting expert medical testimony is without merit. First, presentation of evidence regarding the scope and effect of Mraovic’s injuries assists the jury only in determining damages. See
 
 Rosenburg v. Lincoln American Life Ins. Co.,
 
 883 F.2d 1328, 1337 (7th Cir.1989) (comments and evidence regarding damages cannot be considered by the jury when it is deciding the question of liability). As a matter of law, such testimony cannot be presumed to have any material effect on the jury’s ruling on liability. Because the jury found Elgin not liable, the jury never reached the damages issue and the sanction was irrelevant.
 

 Our review of sanctions is limited. “Absent an abuse of discretion, we may not disturb a district court’s imposition of sanctions for failure of a party to comply with a pretrial order. The issue on review is not whether we would have imposed [this sanction], but whether the district court abused its discretion in doing so.”
 
 G. Heileman Brewing Co. v. Joseph Oat Corp., supra,
 
 871 F.2d at 655, citing
 
 National Hockey League v. Metropolitan Hockey Club, Inc.,
 
 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976).
 

 The district court’s sanction was a reasonable and proportional response to Mraovic’s willful violation of a court order. The effect of Mraovic’s failure to attend the court-mandated examination by Elgin’s expert doctor was to deny Elgin a chance to prepare its case on the scope and effect of Mraovic’s injuries. This put Elgin at a distinct disadvantage. Federal Rule of Civil Procedure 37, which provides for imposition of “just” sanctions for violations of court orders regarding discovery, specifically allows district courts to exclude certain matters from being introduced into evidence.
 
 [1]
 
 Sanctions directed only at Mraovic’s attorney would not have corrected the injustice and unfairness created by Mraovic’s violation of the court order. We note that this sanction is separate from the court’s denial of a continuance as discussed above. Mraovic wanted the continuance because he couldn't get his own medical witnesses scheduled. The sanction, however, focuses on his blatant refusal to allow Elgin to perform a medical exam as the court had ordered. The district court did not abuse its discretion in excluding Mrao-vic’s expert medical testimony.
 

 C. Denial of Fair Trial
 

 Mraovic attacks a number of other rulings of the district court in a scatter-gun approach. He doesn’t hit anything. Mrao-
 
 *272
 
 vic’s main contention among these seems to be that he was denied a fair trial by the district court’s treatment of his attorney. A review of the transcripts reveals a judge sorely tested by an attorney’s dilatory tactics and lack of preparedness. Perhaps some impatience with Mraovic’s attorney was communicated to the jury, but that does not rise anywhere near the level of reversible error. It is unfortunate that on occasion the court had to orally reprimand Mraovic’s attorney. However, our review of the record reveals no incidents that were not justified by the attorney’s own admittedly improper conduct — conduct the court believed was impeding the trial’s progress.
 

 D. Other Rulings
 

 Mraovic additionally offers superficial objections to adverse trial rulings and the jury’s contrary verdict. He also complains about a jury instruction stating that the absence of medical evidence was not the responsibility of Elgin. The jury instruction was accurate and not an abuse of discretion. As to the other arguments, all are without merit and border on the frivolous. Furthermore, Mraovic’s failure to support these conclusory statements with argument and case citations effectively waives these arguments on appeal. In
 
 Bonds v. Coca-Cola Co.,
 
 806 F.2d 1324, 1328 (7th Cir.1986), we held that “collateral allusions to a legal issue do not require the court to decide difficult questions.... [Ejven an issue expressly presented for resolution is waived if not developed by argument ...” (Citations omitted.) Unlike
 
 Bonds,
 
 none of the issues briefly mentioned by Mraovic present difficult questions. We need not consider them.
 

 III. CONCLUSION
 

 The district court did not abuse its discretion by denying Mraovic’s frequent motions for continuance, and by imposing a proportional sanction for his failure to appear for a medical examination. Mraovic was not denied a fair trial, and the judgment of the district court rejecting Mraovic’s motion for a new trial is affirmed.
 

 Affirmed.
 

 [1]
 

 . "If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to that failure as are just.... [The court may prohibit] that party from introducing designated matters in evidence_” Fed.R.Civ.P. 37(b)(2)(B).