937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gary L. WOLLACK, Plaintiff-Appellant,
v.
THOMAS STEEL CORPORATION, Defendant-Appellee.
 No. 90-2329.
 United States Court of Appeals, Seventh Circuit.
 Argued July 9, 1991.
Decided July 17, 1991.
Rehearing and Rehearing En Banc Denied Sept. 9, 1991.
 
 Before CUMMINGS, POSNER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff-Appellant, Gary R. Wollack, filed a wrongful discharge action in the district court against his former employer, Thomas Steel Corporation. The case was dismissed pursuant to Federal Rule of Civil Procedure 41(b), when the plaintiff refused to proceed on the first day of trial, after the court had denied his motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure and his motion for continuance. Wollack filed this appeal challenging the dismissal and the denial of his pre-trial motions.
 
 I. Background
 
 2
 In March 1987, Wollack filed a complaint against Thomas Steel Corporation and some of its officers alleging wrongful discharge under a whistle-blower theory. Wollack alleges that while he was employed as a controller at Thomas Steel, he discovered that the corporation was overstating its scrap inventory. That inventory figure was used to secure bank loans and Wollack alleges that he was required by law to report the overstatement to the bank. Wollack maintains that he called the overvaluation to the attention of the officers of the corporation and also informed them that he was going to report the information to the bank. Thereafter, Wollack was terminated. In April 1987, the first amended complaint was filed dismissing the claims against the individual officers, leaving only the claim against the corporation.
 
 
 3
 The case was transferred to Judge Alesia in July 1987. In April 1988, the parties entered a final pre-trial order. At that time, Thomas Steel filed a motion for judgment on the pleadings and a motion in limine seeking to prohibit the plaintiff from introducing expert testimony at trial. Thomas Steel argued for the prohibition because of the plaintiff's failure to inform the defendant that he intended to rely on expert testimony before the close of discovery and because of the plaintiff's failure to supplement his interrogatory answers apprising the defendant of the content and basis of the expert testimony. In June 1989, these motions were referred to Magistrate Judge Rosemond. The magistrate was to file a report and recommendation as to the motion for judgment on the pleadings and if that was not dispositive, to rule on the motion in limine. The magistrate filed his report and recommendation that the motion for judgment on the pleadings be denied on April 13, 1990. The defendant filed objections to that report on April 23, 1990. On May 14, 1990, Judge Alesia adopted the report and recommendation and denied the motion for judgment on the pleadings.
 
 
 4
 On April 18, 1990, the magistrate denied the motion in limine; however, he reopened discovery for a 30-day period to permit the defendant to depose the plaintiff's expert and he imposed sanctions against the plaintiff for his failure to comply with the discovery rules, ordering the plaintiff to compensate the defendant for the costs and fees associated with the pursuit of the motion in limine. Although the magistrate denied the motion, he chastised the plaintiff in making his ruling, noting that the plaintiff's "dilatory conduct had wasted the Court's and defendant's time and money, and is cause for sanctions." Neither party filed objections to the magistrate's ruling on the motion in limine.
 
 
 5
 A final pre-trial conference was held on May 14, 1990 before Judge Duff. Although the case was assigned to Judge Alesia, the case was apparently placed on the 48-hour trial notice calendar after the final pre-trial order was filed and Judge Duff was going to preside over the trial. At the conference, Judge Duff informed the parties that the trial would begin the next day, May 15, 1990. Thus they were afforded less than twenty-four hours notice of the trial date, rather than forty-eight hours notice. On the morning of the 15th, plaintiff's counsel appeared before Judge Alesia and filed a motion for continuance and a motion for voluntary dismissal under Rule 41(a)(2). Judge Alesia denied both of these motions. The parties then appeared before Judge Duff, where plaintiff's counsel took the position that he would not proceed to trial because he was unprepared. Judge Duff thereafter transferred the matter back to Judge Alesia. The plaintiff reiterated his refusal to proceed and noted that the plaintiff's expert witness would be unavailable until the following week, a date beyond the extended discovery cut-off established in the magistrate's ruling on the motion in limine. Judge Alesia granted the defendant's motion for an involuntary dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, citing the history of delay on the part of the plaintiff in prosecuting this case.
 
 II. Analysis
 A. Waiver of Issues Presented
 
 6
 Initially, we must consider the appellee's argument that Wollack has waived his arguments on appeal by failing to raise one issue and inadequately briefing the two issues addressed in the appellant's brief. In Beard v. Whitley County REMC, 840 F.2d 405 (7th Cir.1988), this court emphasized that "Rule 28(a)(4) of the Federal Rules of Appellate Procedure mandates that an appellant must present in its brief the issues to the appellate court that the appellant desires to litigate. In addition, the issues must be supported by appropriate judicial authority. 'It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.' " Id. at 408-09 (quoting Sanchez v. Miller, 792 F.2d 694, 703 (7th Cir.1986)) (other citations omitted).
 
 
 7
 A review of the appellant's brief in this case reveals that there is merit to the appellee's waiver argument. There is simply no argument advanced by the appellant with respect to the propriety of the Rule 41(b) dismissal. Instead, the appellant argues that the district court abused its discretion in denying the motion for continuance and the motion for a voluntary dismissal. Thus, at best, it seems that the appellant is arguing that the district court abused its discretion in granting the involuntary dismissal, only in that the court should never have proceeded to that point because it was an abuse of discretion not to grant either a continuance or a voluntary dismissal. It is also important to note, however, that even with respect to the issues squarely raised in the appellant's brief, there is a dearth of citation to relevant authority. The appellant cites only three cases in the argument section dealing with the motion for continuance and the motion for voluntary dismissal. They are three state court decisions defining the phrase "judicial discretion." As such, they offer little, if any, support for the proposition that the district court abused its discretion in this case. Despite the fact that we believe that the appellant's brief is largely inadequate, we do not decide this case on waiver grounds. Rather, we will proceed to a determination of the issues presented on the merits.
 
 B. Motion for Continuance
 
 8
 District courts are vested with wide discretion in controlling their dockets by granting or denying a motion to continue the trial. Mraovic v. Elgin, Joliet & Eastern Ry. Co., 897 F.2d 268, 270 (7th Cir.1990) (citing Northern Indiana Pub. Serv. Co. v. Carbon County Coal Co., 799 F.2d 265, 269 (7th Cir.1986)). " 'Matters of trial management are for the district judge; we intervene only when it is apparent that the judge has acted unreasonably. The occasions for intervention are rare.' " Mraovic, 897 F.2d at 270-71 (citing Northern Indiana Pub. Serv. Co., 799 F.2d at 269).
 
 
 9
 In this instance the plaintiff sought a continuance because his expert witness was not available for trial; however, the district court refused to delay the proceedings. At the time that the case was to go to trial it had been pending for over three years. In addition, the magistrate had set a 30-day discovery extension to permit the defendant to depose the plaintiff's expert and had sanctioned the plaintiff for his dilatory actions related to his planned use of expert testimony at trial. When the plaintiff sought the continuance in this case, he represented to the court that the expert was unavailable and would not become available within the few remaining days of the extended discovery period; therefore it would seem that he had no intention of complying with the court-ordered discovery schedule. This case had been on the 48-hour trial notice calendar for an extended period of time. As such, it would seem that the plaintiff was given sufficient notice that he was expected to be ready to proceed to trial. The plaintiff has not offered a compelling argument in favor of finding that the district court acted unreasonably in denying the motion to continue. There had been substantial delay in this instance related to the plaintiff's intended reliance on the use of expert testimony. We do not find error in the district court's refusal to countenance any additional delay attributable thereto.
 
 C. Motion for Voluntary Dismissal
 
 10
 In Vilegas v. Princeton Farms, Inc., 893 F.2d 919 (7th Cir.1990), this court noted that "[u]nder Federal Rule of Civil Procedure 41(a)(2), a district court may allow a plaintiff to dismiss his or her complaint voluntarily without prejudice. That decision is left to the sound discretion of the trial court." Id. at 924. This court has delineated several factors to consider in examining motions to dismiss an action without prejudice. Those factors may properly include: " 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.' " Kovalic v. DEC Int'l, Inc., 855 F.2d 471, 474 (7th Cir.1988) (quoting Pace v. Southern Express Co., 409 F.2d 331, 334 (7th Cir.1969)).
 
 
 11
 In this instance, it appears that the defendant had engaged in extensive discovery and trial preparation and was prepared to go to trial on the date it was set. There was also a history of delay in the case, which had been pending for over three years at the time that the voluntary dismissal was sought, which was attributable to the less than forthright nature of the plaintiff's conduct in naming his expert and in supplementing his answers to the defendant's interrogatories which sought information pertaining to the nature of the witness' testimony and the basis thereof. In addition, the plaintiff's reliance on the unavailability of his expert witness seems to be an insufficient explanation for the need for a dismissal, in that in light of the sanctions imposed by the magistrate in this case, the plaintiff was seemingly aware of the fact that the court was not satisfied with his conduct relating to the use of expert testimony and would therefore not look favorably upon a motion premised solely on the basis of the unavailability of his expert witness. When the factors enumerated in Pace are considered in the context of this case, we find no abuse of discretion in the district court's decision to deny the motion for a voluntary dismissal.
 
 D. Involuntary Dismissal
 
 12
 A dismissal for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate only when there is "a clear record of delay or contumacious conduct." Daniels v. Brennan, 887 F.2d 783, 785 (7th Cir.1989) (citations omitted). We review a Rule 41(b) dismissal under the narrow abuse-of-discretion standard. Lockhart v. Sullivan, 925 F.2d 214, 217 (7th Cir.1991). In considering the propriety of the dismissal, we consider the procedural history of the case and its status at the time of the dismissal. Id. at 218.
 
 
 13
 The record in this case reveals a pattern of delay on the part of the plaintiff in prosecuting his case. The plaintiff did not designate his expert until almost one month after the close of discovery, and when he named his expert he did not apprise the defendant of the nature of the testimony or the basis of that testimony by supplementing his interrogatory answers. In response to the plaintiff's failure to comply with discovery in a timely fashion, the defendant filed a motion in limine seeking to prohibit the plaintiff's use of expert testimony.
 
 
 14
 In his April 18, 1990 order denying the motion in limine, the magistrate determined that it would be too harsh a sanction to prohibit the use of such testimony; however, the plaintiff was reprimanded for his dilatory conduct and required to pay the defendant's costs and fees associated with the pursuit of the motion in limine. In addition, discovery was extended for a 30-day period to permit the defendant to depose plaintiff's expert. On May 9, 1990, the defendant noticed the deposition of the plaintiff's expert, setting the date of the deposition for May 12, 1990, and renewed its request that the plaintiff supplement his interrogatory answers relating to the content and the basis of the expert testimony as is required in Rule 26(e) of the Federal Rules of Civil Procedure. On May 11, 1990, plaintiff's counsel informed defense counsel's secretary that he was canceling the expert's deposition scheduled for the following day. The interrogatory answers were never supplemented. In addition, the plaintiff refused to proceed when the case was called for trial because his expert was not available. Plaintiff's counsel likewise refused to attempt to obtain other expert testimony or to present his case out of sequence using the named expert as the district court suggested. When the record in this instance is considered in conjunction with the failure of the prior sanction imposed in the ruling on the motion in limine, it is apparent that there was a sufficient showing of delay or contumacious conduct to support the district court's granting of the defendant's motion for an involuntary dismissal. Therefore, we find no abuse of discretion in the district court's decision.
 
 III. Conclusion
 
 15
 The district court acted well within its discretion in denying the motion for continuance and the motion for voluntary dismissal. In addition, We find that there is sufficient evidence of delay or contumacious conduct on the part to the plaintiff to support the dismissal of this case for want of prosecution. As such, the decision of the district court is AFFIRMED.