958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
BULLARO & CARTON, CHARTERED, an Illinois Professional
Corporation, and BCS Communications, Incorporated,
an Illinois Corporation, Plaintiffs-Appellees,
v.
Gregory GRISWOLD, Defendant-Appellant.
 No. 90-1494.
 United States Court of Appeals, Seventh Circuit.
 Argued March 27, 1992.*
Decided March 27, 1992.
 
 Before BAUER, Chief Judge, MANION, Circuit Judge, and JESSE E. ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 A law firm, Bullaro & Carton, and the corporation formed by its principals, BCS Communications, Inc. (BCS), filed a two-count complaint against Greg Griswold, a former client, to recover legal fees that he owed the firm (count one), and to obtain a declaration of the rights of the parties in the telephone number, 1-800-LAS-VEGAS (count two). Jurisdiction was premised on diversity of citizenship. See 28 U.S.C. § 1332. The district court dismissed the first count of the complaint, with prejudice, pursuant to Fed.R.Civ.P. 41(a)(2). With respect to the second count, the district court declared that Griswold had no property right in the 800 number and entered judgment for Bullaro & Carton and BCS. Griswold, proceeding pro se, appeals.
 
 
 2
 The undisputed facts are these. In May 1985, Griswold retained the Chicago law firm of Bullaro & Carton to represent and defend his company, 1-800-AMERICAN Corporation, in a deceptive trade practice case then pending in the Northern District of Illinois. The law firm worked on the case for the next five months, performing various legal services on behalf of Griswold. When Griswold failed to pay his bill for these services, the firm asked him to provide some security for the future payment of its fees. Griswold complied, assigning to the firm a toll-free number, 1-800-LAS-VEGAS, that he had acquired from AT & T in 1982.
 
 
 3
 In November 1985, Bullaro & Carton withdrew its representation of Griswold and, over the ensuing months, tried to perfect its security interest in the 800 number. However, AT & T refused to recognize the firm's interest because Griswold had violated AT & T policy prohibiting the assignment of an 800 number for a fee. In January 1986, AT & T reclaimed the 800 number from Griswold and informed Bullaro & Carton that after reclamation the number would become available for use on a first come, first serve basis. A number reservation form was sent to the firm. Upon receipt of this form, the firm formed BCS to reserve the 1-800-LAS-VEGAS number with AT & T, which it did, and the number was placed in service in BCS's offices in March 1986.
 
 
 4
 Meanwhile, on February 14, 1986, Bullaro & Carton and BCS filed a complaint in two counts against Griswold in the Northern District of Illinois. The first count sought over $15,000 in outstanding attorney's fees from Griswold, while the second sought a declaration of the parties' rights in the 1-800-LAS-VEGAS number. Griswold counterclaimed for any compensation received by Bullaro & Carton in excess of the $15,000.
 
 
 5
 On the law firm's motion for summary judgment, the district court declared that Griswold had no property right in the 1-800-LAS-VEGAS number, and entered judgment for Bullaro & Carton and BCS on count two of the complaint. The district court also dismissed count one of the complaint with prejudice, and denied Griswold's counterclaim as moot.
 
 
 6
 On appeal, Griswold first contends that the district court erred in concluding that he had no property interest in the 1-800-LAS-VEGAS number. The court based its conclusion on FCC Tariff No. 2, § 2.1.7(D), which states that no AT & T customer has "any interest or proprietary right in any 800 Service number." We agree that Tariff No. 2 negatives any intent on the part of AT & T to create a property interest in an 800 number. See, e.g., Shehi v. Southwestern Bell Tel. Co., 382 F.2d 627, 630 (10th Cir.1967); Atkin Wright & Miles v. Mountain States Tel. & Tel. Co., 709 P.2d 330, 334 (Utah 1985); Price v. South Central Bell Tel. Co., 313 So.2d 184, 188 (Ala.1975); M.R. Glass, Inc. v. N.Y. Tel. Co., 264 N.Y.S.2d 160, 162 (N.Y.1965). See generally Wade R. Habeeb, Annotation, Telephone Company's Right to Change Subscriber's Telephone Number, 75 A.L.R.3d 700-08 (1977 & Cum.Supp.1991). Griswold accepted this limitation on his use of the 1-800-LAS-VEGAS number when he executed the document, "Notice Assignment Conditions," in 1982 which provides that "[n]either the customer nor any successor in interest to the customer shall acquire any interest or proprietary right in any 800 Service number assigned to the customer." Griswold also acknowledged in the same document AT & T's right to change any telephone number assigned to a customer. AT & T exercised that right by reclaiming the 1-800-LAS-VEGAS number from Griswold and assigning it to BCS. As a result, Griswold lost his use of the number to BCS which became AT & T's customer of record. Griswold may have had a claim against AT & T for wrongful reclamation of the number, but he failed to pursue that claim here, and we express no opinion on its merits, if any.
 
 
 7
 Griswold also contends that the district court erred in refusing to consider the materials he filed for the first time on a motion for reconsideration pursuant to Fed.R.Civ.P. 59(e). The district court properly refused to consider these materials because they came too late. See Morgan v. Harris Trust & Sav. Bank, 867 F.2d 1023, 1028 (7th Cir.1989). A motion for reconsideration is an improper vehicle to introduce new evidence which was available to Griswold at the time he responded to BCS's summary judgment motion and which bore upon the issues raised in that motion. See Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir.1985) (citing Keene Corp. v. Int'l Fidelity Ins. Co., 561 F.Supp. 656, 665-66 (N.D.Ill.1982), aff'd, 736 F.2d 388 (7th Cir.1984)).
 
 
 8
 Griswold next contends that the district court erred in failing to join AT & T Communications, Inc. of Illinois to this action as an indispensable party under Fed.R.Civ.P. 19. Rule 19 requires a two-step analysis in determining whether to dismiss an action for the absence of an indispensable party. The first step is deciding whether the party is one that should be joined. Fed.R.Civ.P. 19(a). The second step is deciding whether the court can proceed "in equity and good conscience" in the absence of that party. Fed.R.Civ.P. 19(b). We need not reach the second step because Griswold failed to show that AT & T Communications, Inc. of Illinois should have been joined as a party. Bullaro & Carton asserted no claims against AT & T. It sought relief only against Griswold and only for a declaration of his rights in the 800 number. The judgment of the district court accorded Bullaro & Carton complete relief on its complaint and did not affect any interest of AT & T. Thus Griswold was unable to establish that AT & T was a party who met the requirements of Rule 19(a). See Moore v. Ashland Oil, Inc., 901 F.2d 1445, 1448 (7th Cir.1990).
 
 
 9
 Griswold finally contends that the district court erred in concluding that Bullaro & Carton's dismissal of their claim for legal fees mooted his counterclaim for reimbursement of payments made. Griswold's failure to support this conclusory statement with argument and case citations effectively waives review of it on appeal. See Mraovic v. Elgin, Joliet & Eastern Ry., 897 F.2d 268, 272 (7th Cir.1990); Ordower v. Feldman, 826 F.2d 1569, 1576 (7th Cir.1987).
 
 
 10
 AFFIRMED.