Steven Cincotta, Plaintiff-Respondent,
against
Verizon Communication, Inc. a/k/a Verizon, Lowell McAdam, Defendants, and New York State Public Service Commission a/k/a Department of Public Service, Patricia L. Acampora, Defendants-Appellants.



Defendants-appellants appeal from an order of the Civil Court of the City of New York, New York County (Carol R. Feinman, J.), dated July 8, 2016, which denied their motion to dismiss the complaint or, alternatively, to transfer the action to the Supreme Court, Albany County.




Per Curiam.
Order (Carol R. Feinman, J.), dated July 8, 2016, modified to grant defendants-appellants' motion to the extent of dismissing the complaint without prejudice to any appropriate Supreme Court action after plaintiff exhausts his administrative remedies; as modified, order affirmed, without costs.
Plaintiff commenced this plenary action to recover the sum of $25,000, alleging that the Verizon defendants failed to provide and maintain adequate telephone service. Prior to commencing the action, plaintiff filed multiple complaints with New York State Public Service Commission ("PSC") and, at the time of the subject dismissal motion, the PSC had not issued a final determination, nor had plaintiff exhausted his administrative remedies with the PSC.
Civil Court should have granted that branch of defendants' motion seeking to dismiss the complaint. This matter is primarily within the jurisdiction of the PSC (see Public Service Law § 97[2]; Blair v NYNEX Corp., 246 AD2d 336 [1998]; Jacob Goodman & Co., Inc. v New York Tel. Co., 285 App Div 404, 410 [1955], affd 309 NY 258 [1955]; Boss Prop. Group, LP v Con Edison, 31 Misc 3d 128[A], 2011 NY Slip Op 50455[U][App Term, 2d Dept, 2nd, 11th & 13th Jud. Dists 2011]), and pursuant to the primary jurisdiction doctrine, the action should be [*2]dismissed without prejudice to any action or proceeding plaintiff might institute after recourse to the administrative process is exhausted (see Blair v NYNEX Corp., 246 AD2d at 336).
In view of our determination, we reach no other issues.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: April 14, 2017